---

[No. 9924. Department Two. — September 25, 1885.]
B. F. REYNOLDS, RESPONDENT, *v.* WILLIAM SNOW, APPELLANT.

ELECTION — CONTEST — ILLEGAL BALLOT. — The court below rejected a ballot which did not conform in length and other minor respects to section 1191 of the Political Code. The ballot was only about eight inches and a half in length. *Held*, that the ballot was properly rejected.

LXVII. CAL.—32.

ID.—ERASURE.—In certain ballots the voters had erased with lead pencil marks the name of the contestant and also the name of the office to be voted for, leaving simply the number indicating its order on the ballot, and opposite this number and erasure had written the name of the defendant. *Held,* that these ballots were properly counted for the defendant.

ID.—APPEAL—CONFLICT OF EVIDENCE.—The rule which restrains an appellate court from interfering with a finding of the court below where there is a conflict in the evidence, does not apply when the evidence consists entirely of ballots, photographic copies of which are before the court on appeal.

APPEAL from a judgment of the Superior Court of the county of Stanislaus.

The facts are stated in the opinion.

*Schell & Bond,* for Appellant.

*Wright & Hazen,* for Respondent.

FOOTE, C.—A contest for the office of supervisor of district No. 1 of Stanislaus County.

The bill of exceptions in the transcript should be considered by this court; the objections made to it by the respondent are not well taken. It appears by the official returns of the various election boards of the district as canvassed by the board of supervisors of the county, that the appellant, William Snow, received 324 and the respondent, B. F. Reynolds, 323 votes. To the former the board awarded the certificate of election and the office in dispute. The latter contested his right thereto and prevailed in the contest. From that judgment Snow appealed.

The court upon a recount of the ballots, discovered that the contestant's Exhibit No. 8 was one having the name of Wm. Snow printed on it, and that of the office for which he was a candidate, but the paper on which it was printed was when voted only about eight inches and a half in length, and did not in that and some other minor respects conform to section 1191 of the Political Code, and ought not to be counted for Snow as it had been. This conclusion of the court was correct.

That tribunal substantially found also that an election board had counted for Snow two ballots called plaintiff's Exhibits 2 and 3; that on them and in the same line were printed the following words and figures, viz.: "23. Supervisor, District No. 1, B. F. Reynolds"; that the words "supervisor, District No. 1,

B. F. Reynolds," had been distinctly and completely erased by several lead pencil marks being drawn completely through said words and each of them, and that upon one of said ballots had been written the words "Wm. Snow," and upon the other the word "Snow," and that these words were written opposite said figures 23, line and erasure.

That the words erased were still discernible and distinguishable, and that the voter intended by the erasure to strike from the ballots, and each of them, the name of the office of supervisor of said county, in and for said district, and that no such office remained designated upon said ballots, and that neither the board of election nor the court could ascertain that the voters intended to vote for said "Snow," and "William Snow," respectively, for said office, and that it was not the intention of said voters to vote for any person for said office.

To this finding upon a thorough inspection of those ballots we cannot agree.

In a case where there was a conflict in the evidence in the sense that witnesses in the presence of the court had sworn contrary to each other as to facts, we should not feel warranted in entering our dissent, but where as in this case, the ballots themselves were on that point the only evidence before the court, and as photographic copies of them are before us, it is clear that there was no such conflict in the evidence as should prevent us from exercising a judgment contrary to that of the learned judge below.

The reason why a court of appeal declines ordinarily to interfere upon a conflict of evidence, is because the trial court has an advantage over the former in that it can both hear the witness and observe his deportment when before it and delivering his testimony.

In the present instance the reason fails, and with it the rule of action.

The persons writing "Snow" and "Wm. Snow," on Exhibits 2 and 3, intended to vote for William Snow for supervisor of District No. 1, Stanislaus County, and the board of election were right when they counted those ballots for him for said office.

It became plain from an inspection of another of the ballots by the court, that the board of election had erroneously counted

for Reynolds one ballot which was on its face unmistakably cast for Snow, and thereupon it was properly counted for Snow.

The action of that tribunal in taking from Snow a vote upon evidence showing that Jarvis Whitehead not being a legal voter had voted for him in Supervisor District No. 1, Stanislaus County, will not be reviewed, as the evidence was conflicting in the proper sense of that term.

The court found further that B. F. Reynolds received for the office in dispute 322 and William Snow 321 legal votes.

From the foregoing it appears that the finding should have been that B. F. Reynolds received 322 and William Snow 323 votes for the same.

The judgment should be reversed and cause remanded.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment is reversed and cause remanded.

Hearing in Bank denied.