HERMAN ROSENBERG et al., Respondents, *v.* HUGO BLOCK et al., Appellants.

In an action by the owner of goods delivered to a commission merchant for sale, against the latter, to recover as for money had and received, the proceeds of sale, it is incumbent on the plaintiff to show either that the defendant has actually received pay for the goods, or such a state of facts as will preclude him from denying receipt

In such an action it appeared that the goods were sold and sale reported before the commencement of the action. The report of sale did not

state as to whether the goods had been paid for or not, but defendants claimed to apply the amount on an individual indebtedness to them. Defendants' evidence on the trial was to the effect that the goods were not in fact paid for until after the commencement of the action.  *Held,* a refusal to submit to the jury the question as to whether defendants had actually received the proceeds of sale before suit brought, and as to whether they were by their acts estopped from denying it was error; that while in the absence of evidence of authority to sell on credit, the presumption from a simple report of sale would be that the sale was for cash, the presumption was not conclusive, and evidence to the contrary having been given, the question was one of fact for the jury.

Reported on a former appeal (102 N. Y. 255).

(Argued December 20, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 2, 1887, which affirmed a judgment in favor of the plaintiffs entered upon a verdict and affirming an order denying a motion for a new trial.

The complaint in this action alleged that the plaintiffs, as a limited partnership formed pursuant to the Code of Virginia under the firm name of " H. Rosenberg," on the 4th of August, 1882, delivered to the defendants, as commission merchants, a quantity of merchandise for sale ; that the defendants, as the agents of the plaintiffs, sold the same for $800, which they received but have not paid over, although due demand has been made therefor.   The answer pleads in substance : (1.) A general denial ; (2.) a misjoinder of parties plaintiff, because, according to the Virginia Code, the action should have been brought in the name of the general partner only ; (3.) that Herman Rosenberg, with the consent of his co-plaintiff, held himself out as carrying on business in his own name and so dealt with the defendants, who sold the merchandise in question and accounted to him individually for the proceeds ; (4.) that the business really belonged to said Rosenberg, the special partnership being merely a device to keep his property from his creditors, including the defendants, who asked to off-set an old debt that he was owing them against the claim set forth in the complaint.

It appeared upon the trial that on the 18th of January, 1882, said Rosenberg, who had been carrying on business at Richmond, Va., made a general assignment for the benefit of his creditors and thereby preferred Fanny Bottigheimer, his sister, to the amount of $3,363.67. On the twenty-fifth of the same month the entire estate so assigned, including $411.34 in cash received for goods sold after the assignment, was transferred to Mrs. Bottigheimer on account of such preference. On February 2, 1882, the alleged special partnership was formed, the entire capital, consisting of stock and fixtures from the assigned estate at a cash valuation of $2,600 and $1,400 in money, being furnished by Mrs. Bottigheimer, while Mr. Rosenberg contributed only his skill and experience. When he carried on business in his own name it was as " H. Rosenberg," which was also the firm name of the limited partnership. Up to March 18, 1885, he drew out $5,276.34, while she drew out $3,600 by October 14, 1884, after which she drew no more. The liabilities of Rosenberg amounted to $25,000, including $1,593.43 that he owed the defendants, but no creditor except Mrs. Bottigheimer received anything.

During the spring of 1882 the plaintiffs, under the name of " H. Rosenberg," bought certain goods of the defendants, who received pay for the same upon delivery. On April 7, 1882, the defendants wrote to Rosenberg inquiring " in whose name do you at present carry on business," and he answered the next day saying : " I am carrying on business in my own name, having special partner with $4,000 for three years." August 1, 1882, the plaintiffs shipped goods invoiced at $780 to one Abrahams, who refused to receive them, whereupon they caused them to be delivered to the defendants in the city of New York, with instructions to sell them for fifty dollars less than the invoice price and to retain that sum for their commissions. The defendants received the goods accordingly, and August sixteenth telegraphed that they had been sold. August nineteenth they wrote to Rosenberg to the same effect and also stated that he was not entitled to any remittance, because he was already owing them $900 more than the goods came to.

Except as stated, the business and correspondence was conducted in the name of " H. Rosenberg."

Further facts are stated in the opinion.

*Samuel W. Weiss* for appellants. This action being to recover proceeds received by defendants, plaintiffs were bound to establish, as condition precedent to recovery, the receipt of the money by defendants before action commenced. (*N. T. Co.* v. *Gleason,* 77 N. Y. 400; *N. Y. G. & I. Co.* v. *Gleason,* 78 id. 503; 2 Greenl. on Ev., § 117; *Scott* v. *Rogers,* 31 N. Y. 676; *Laverty* v. *Snethen,* 68 id. 522; *Morris* v. *Rexford,* 18 id. 552; *Rodermund* v. *Clark,* 46 id. 357; *Moller* v. *Tuska,* 87 id. 166; *Rosenberg* v. *Block,* 17 J. & S. 488; *Lythgoe* v. *Vernon,* 5 H. & N. 180; *Southwick* v. *F. N. Bk.,* 61 How. Pr. 170; *Romeyn* v. *Sickels,* 108 N. Y. 652, 653; *N. Y. R. Co.* v. *Rothery,* 107 id. 310.) The court erred in admitting evidence, against defendants' objection and exception, of plaintiff, "that his assignment had not been attacked, as fraudulent, by any person except defendant. (*Worrall* v. *Parmelee,* 1 N. Y. 521, 522; *Williams* v. *Fitch,* 18 id. 551, 552; *Neudecker* v. *Kohlberg,* 81 id. 304, 305; *Baird.* v. *Gillett,* 47 N. Y. 187, 188; *Anderson* v. *R. R. Co.,* 54 id. 341, 342; *Green* v. *Disbrow,* 56 id. 334; *O'Hagan* v. *Dillon,* 76 id. 172, 173.) The plaintiff Rosenberg was asked whether he had done all he was advised or believed it necessary to do towards giving the fact of partnership due publicity. The question was incompetent, as calling for a conclusion upon a material matter of inquiry. (*Nicolay* v. *Unger,* 80 N. Y. 54; *Terpenning* v. *C. E. Banks,* 43 id. 279.) The court erred in allowing plaintiff to read in evidence two answers to cross-interogatories as they were not responsive and were secondary evidence. (*Lansing* v. *Cooley,* 13 Abb. Pr. 272; *Greenman* v. *O'Connor,* 25 Mich. 30; *Kingbury* v. *Moses,* 45 N. H. 222.) The complaint should have been dismissed upon the motions made when plaintiff rested, and when the testimony was closed. (*Van Ingen* v. *Whitman,* 62 N. Y. 513; *Maginn* v. *Lawrence,* 13 J. & S. 235; Code Civ. Pro. § 488, subd. 5;

*Simar* v. *Canady*, 53 N. Y. 298; Code, § 144.) The court erred in submitting to the jury only the question relative to the alleged fraud in the special partnership, and in its refusal to submit the other facts as requested. (*Pratt* v. *Collins*, 20 Hun, 126; *Stacey* v. *Dacy*, 7 Term Rep. 359; *Carr* v. *Hinchliff*, 4 B. & C. 547; *Semenza* v. *Brinsley*, 18 C. B. [N. S.], 477; *Borries* v. *I. O. Bank*, L. R. [9 C. P.], 38; *Rosenberg* v. *Block*, 102 N. Y. 255; *Hogan* v. *Shorb*, 24 Wend. 462; *Moore* v. *Clementson*, 2 Camp. 22; Bouviers L. D. title "Price."

*Theron G. Strong* for respondent. The perfectly sufficient and complete answers to the appellant's argument that this action cannot be maintained because it is for money had and received are (1) that the Court of Appeals has decided that the action was maintainable, and (2) that even upon plaintiff's own theory the actual receipt of the proceeds of the goods is clearly established by the appellant's own admissions and acts. (*Rondon* v. *De La Rue*, 19 J. & S. 63; 98 N. Y. 653.) It is not unreasonable to presume in support of the judgment, in the absence of evidence to the contrary, Block failing to testify and the burden of proof being on the defendants, that Lindheim had notice on the subject. (Story on Part., § 107; *Weetjen* v. *S. P. & P. R. R. Co.*, 4 Hun, 529; *Warburton* v. *Camp*, 112 N. Y. 683; *Parish* v. *Parish*, 25 id. 58; *Tyler* v. *Gardner*, 35 id. 574; *Rollwagen* v. *Rollwagen*, 63 id. 504; *Bruce* v. *Kelly*, 7 J. & S. 37.)

Vann, J. When this case was before the court on a former appeal, the judgment then under review was reversed, because the defendants were not allowed to show that the property which went into the special partnership belonged, in fact, to Rosenberg, and that the transfer to his sister was only a device to defraud his creditors. (*Rosenberg* v. *Block*, 102 N. Y. 255.)

Upon the second trial the evidence formerly excluded was received, and the question whether the alleged partnership between Rosenberg and his sister was a fraud upon his credit-

ors was submitted to the jury, who found for the plaintiffs. No other question was submitted to them for decision, although the defendants requested the court to charge " that the jury may not find a verdict in favor of the plaintiffs unless they find that the defendants had received money from the sale of the goods mentioned in the complaint herein prior to the commencement of this action." The exception to the refusal to charge as thus requested, with other exceptions addressed to the same point, raise the most important question presented by this appeal. It was alleged in the original complaint that the defendants, as agents of the plaintiffs, sold the goods, and instead of remitting the proceeds, unlawfully converted them to their own use, but there was no allegation that the proceeds of the sale had been received. Subsequently, upon motion of the plaintiffs, the complaint was amended by striking out the allegation that the proceeds had been converted by the defendants, and alleging in the place thereof that the proceeds had been received by them. The reason for this change, as stated by the attorney for the plaintiffs in the affidavit upon which the motion was based, was " that the plaintiffs seek to recover only on contract and fear that if the said allegations remain, the complaint may be construed as founded on tort." In another affidavit used by the plaintiffs on a motion for a commission to take testimony, it was stated that " this action is brought to recover moneys received by defendants as proceeds of goods delivered to them by plaintiffs to sell on commission." Thus the complaint of the plaintiffs, as formally interpreted by them, sets forth a cause of action for the proceeds received by the defendants for goods sold. This, as we think, is the proper interpretation. The plaintiffs do not attempt to disaffirm the sale and to make the defendants liable for breach of instructions or for conversion, but ratifying the sale, they seek to recover the proceeds received. (*Scott* v. *Rogers*, 31 N. Y. 676; *Laverty* v. *Snethen*, 68 N. Y. 522.) Thus the action is for money had and received, and hence it was incumbent on the plaintiffs to show either that the defendants had actually received pay for the goods, or such a state of facts as would

preclude them from denying that they had received it. (*Nat. Trust Co.* v. *Gleason*, 77 N. Y. 400; *N. Y. G. & I. Co.* v. *Gleason*, 78 N. Y. 503; *Byxbie* v. *Wood*, 24 N Y. 607; 2 Greenl. Ev., § 117; Abb. Trial Ev., 275.)

There was no direct evidence tending to show that the defendants had received payment for the merchandize in question at the time the action was commenced. It appeared, however, that the goods were sold as early as August 16, and that the action was not commenced until October 6; that the defendants made a credit on their books to Rosenberg's individual account prior to the latter date, although the plaintiffs repudiated that act; that on the 19th of August they reported the goods as sold, without stating that they had been paid for, but giving no reason for not remitting pursuant to request, except that "you owe us about $900 more than the goods in question amounted to," and "we are satisfied after a little reflection you will conclude you are not entitled to any remittance."

On the other hand, one of the defendants testified: "We sold said merchandize prior to August 19, 1882. The purchaser did not keep the goods but returned them to Block & Lindheim, who resold the goods. Such resale was a final sale of the goods, and took place prior to the commencement of this action. The aggregate amount at which said goods were finally sold by our firm was $600. Neither the firm of Block & Lindheim nor anyone on its behalf ever received anything on account of the sale of said goods prior to the commencement of this action. Whatever moneys were received by my said firm on account of the sales of said goods were received since this action was commenced.   *   *   *   We sold the goods on time and charged them on our books. We applied what we received to Rosenberg's old indebtedness. We received $600. We made the credit on our books before the commencement of this action."

We do not think that the evidence was so conclusive as to authorize the learned trial court to withdraw from the jury the question whether the defendants had actually received the pro-

ceeds of the goods, or whether they were by their acts estopped from denying it. While their omission to state, in their letter to the plaintiffs reporting the sale, that the goods had not been paid for is significant, we do not regard it as controlling. There is no evidence that the plaintiffs relied upon the letter or that they were misled thereby. While the jury was not bound to accept the statement of the defendant who testified, they should have been permitted to consider it and, comparing it with the facts tending to show that the goods had been paid for, to draw such inferences as in their judgment the entire evidence warranted.

The learned General Term, in its discussion of the subject, said that the action for money had and received is in its nature an equitable one, and can be maintained when it is shown that the party either has or ought to have, and therefore in law has, the money in his possession, and cited *Risdon* v. *De La Rue* (19 J. & S. 63; 98 N. Y. 653), as authority for the proposition. In that case the plaintiff sold a bond and mortgage to the defendant's testator, who paid therefor the entire amount of principal and agreed to pay the interest in arrear "when the same should be collected." The mortgage was subsequently satisfied by the defendant without collecting the arrears of interest, and in an action for money had and received it was held that as the defendant, who was the only one who could collect the arrears, had voluntarily and in the most formal manner, by the satisfaction of the mortgage, acknowledged the receipt of the whole amount, she must, for the purposes of that action, be taken at her word. While that case was well decided we do not regard it as analogous to this, because the defendants herein did not give a receipt stating that the goods were paid for. If this had appeared it might well be said that they either had, or ought to have had, the money.

But it is urged that as the defendants were not authorized to sell on credit, the admission of a sale by them implies a sale for cash. It is not clear from the correspondence between the parties that a sale on credit was not authorized by the plain-

tiffs, but, assuming that it was not, the presumption from a simple report of sale would doubtless be that it was for cash. This presumption, however, would not be conclusive, but would be for the consideration of the jury in connection with all the evidence in the case. The plaintiffs, in their election of remedies, made choice of an action in which the fundamental fact essential to a recovery is proof that the defendants received money belonging to the plaintiffs, or to which they were entitled. (*Nat. Trust Co.* v. *Gleason, supra.*)    While there was evidence tending to show this, as the fact could only be inferred from circumstances and there was a conflict in the testimony, a question was presented for the jury.

The plaintiffs were allowed to show by the cross-examination of the plaintiff Rosenberg, whose testimony was taken upon commission at the instance of the defendants, that his assignment for the benefit of creditors had not been attacked as fraudulent by any person or persons except the defendants. This was objected to as incompetent, irrelevant and immaterial and as calling for a conclusion, but the objection was overruled and the defendants excepted. While we have grave doubts as to the correctness of this ruling, we simply call attention to the subject without giving it further consideration as the views already expressed lead to a new trial.

The judgment should be reversed and a new trial granted, with costs to abide event.

All concur, except Haight, J., not sitting.

Judgment reversed.