JAMES M. EARLEY, Appellant, *v.* ST. PATRICK'S CHURCH SOCIETY of the City of Rochester, Respondent.

81h     369
37 Mis¹588

*Witness, who sees the execution of a writing but does not sign it, incompetent to prove it — delivery of a satisfaction piece after death.*

The fact that a person was present and saw another sign his name to a satisfaction of judgment, if the person executing the instrument did not request him to become a subscribing witness thereto, and if he did not sign the instrument as a subscribing witness at that time, is not sufficient to qualify such person to prove the execution of such instrument as a subscribing witness.

A satisfaction piece of a judgment is ineffectual if it is not delivered prior to the death of the person executing the same.

APPEAL by James M. Welch, temporary administrator of the estate of James M. Earley, deceased, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 4th day of August, 1891, denying his motion for an order canceling the record of the satisfaction of a judgment.

*John Griffin,* for the appellant.

*George F. Danforth,* for the respondent.

LEWIS, J. :

James M. Earley recovered a judgment in the Supreme Court on the 24th day of August, 1876, against the defendant for the sum of $15,068.49. On the 16th day of February, 1890, the said James M. Earley died, leaving a last will and testament, which was executed on the 7th day of December, 1889 ; executors were appointed by the will, proceedings for the probate of which were pending at the time of the making of the motion. During the pendency of said proceeding, and on or about the 29th day of May, 1891, the appellant was appointed temporary administrator of said estate.

During his last sickness, in anticipation of death, said James M. Earley, in the presence of his sister, Catharine Monaghan, wrote and signed a paper of which the following is a copy :

" HORNELLSVILLE, N. Y., *Feb.* 10, 1890.
" J. M. EARLEY, *Rector :*

" I, the undersigned, do hereby discharge the judgment I hold against St. Patrick's Church Society of Rochester, N. Y., and leave it entirely to the will and honesty of the officials of said church society to pay to the institutions named in my will and testament the sums named.

" (Signed)        JAS. M. EARLEY."

, The deceased, after signing said instrument, placed it in a sealed envelope and wrote thereon, " To Sister Catharine, to be opened after my death, J. M. Earley," and placed the instrument in a drawer in his secretary. Two days before his death he pointed to the secretary and stated to Sister Catharine Monaghan : " There is a letter in that drawer addressed to you ; after my death see to it, or

attend to it." After his death, and before the funeral, Sister Catharine informed the Rev. M. J. Keene, one of the persons named as executor, that there was a letter in the drawer for her and she wished it. He, therefore, delivered the envelope unopened to her, and thereafter, and on the day of the funeral of said Early, she delivered the same to the Rev. M. V. Gleason. She did not see the envelope or paper again until the 31st day of January, 1891, on which day she signed her name to the instrument as a subscribing witness, and on the same day appeared before a notary public, and, after being duly sworn, deposed that she was present and saw the said James M. Earley sign and deliver the same as and for his act and deed and acknowledge the execution thereof, and that thereupon she became a subscribing witness thereto.

By the will the judgment in question was bequeathed to James Mooney of Buffalo, as trustee, with directions to him to pay out of the proceeds thereof to the defendant in said judgment $5,000 and the balance to other religious institutions.

It appears from the affidavit of Sister Catharine Monaghan that she was present and saw the deceased sign the discharge, but that he never requested her to become a subscribing witness to it, and that he never acknowledged it, and that she did not sign it as a witness until some eleven months after his death; that the envelope containing the discharge was placed by the deceased in his private drawer and remained there unopened until after his decease. Sister Catharine Monaghan was not, therefore, according to her own testimony, a subscribing witness within the meaning of the statute. Both of her affidavits used upon the motion negative any such claim. While she testifies that she was present and saw the deceased sign his name to the instrument he never requested her to become a subscribing witness to it. Such being the undisputed facts she was not qualified to prove its execution as a subscribing witness. Subdivision 3 of section 1260 of the Code of Civil Procedure provides that "the execution of each satisfaction piece or power of attorney must be acknowledged before the clerk, or his deputy, and certified by him thereupon; or it must be acknowledged or proved, and certified, in like manner as a deed to be recorded in the county where it is filed." To entitle a deed to be recorded it must be either acknowledged by the person executing it or proved by a subscribing witness thereto.

It was held in *Hollenback* v. *Fleming* (6 Hill, 305) that a person who was present at the execution of an instrument, but who did not subscribe it at that time, but did so afterwards without the request of the person executing the instrument, was not an attesting witness.

Had the satisfaction piece been formally acknowledged or proven, it was still ineffectual for the discharge of the judgment, for there was a failure to prove its delivery to the defendant, the St. Patrick's Church Society. As stated, the deceased executed the paper and retained possession of it during his lifetime. No one but himself knew of its contents until after his decease.

The affidavit of Sister Catharine Monaghan, made on the 30th day of June, 1891, gives a very natural and probable account of what occurred concerning the instrument two days before the death of Father Earley. She testified that he said to her: "There is a letter in that drawer (pointing to the secretary) addressed to you; after my death see to it," or "attend to it;" and that she did not have possession of it until after the death of Father Earley, and that then it was handed to her at her request by the Rev. M. J. Keene, one of the executors named in the will. It was, at the time, in the envelope unopened. This, manifestly, fell far short of showing a delivery of the discharge. Whether the account of the transaction, as stated by Sister Monaghan in her affidavit made on the twenty-first day of July thereafter, would tend to show a delivery of the instrument may be doubted, but we do not care to consider the question, for the reason that we are of the opinion that her recollection of the transaction, as stated in the first affidavit, is much more likely to be a correct statement of the facts than that given in the second affidavit. It is quite improbable, as stated in her second affidavit, that she went through the form of taking the envelope containing the discharge out of the drawer and into her actual possession during the lifetime of the deceased. There was no reason apparent to her why she should do so. She plainly stated in her first affidavit that she did not have it in her possession until after the death of Early.

It is suggested by respondent's counsel that it was very proper for the court to deny the motion and leave the parties to litigate the questions in an action to be brought for the purpose of enforcing the judgment. We do not think the plaintiff should be embarrassed

in the prosecution of such an action by the order of the Special Term under review.

The order appealed from should be reversed and the motion to set aside the satisfaction of judgment and cancel the record of the satisfaction thereof should be granted, with ten dollars costs and disbursements.

DWIGHT, P. J., concurred; BRADLEY, J., concurred in result; HAIGHT, J., absent.

Order appealed from reversed and motion granted, with ten dollars costs and disbursements.