(Surrogate's Court, Rensselaer County. March, 1902.)

DOCUMENTARY EVIDENCE—SUBSCRIBING WITNESSES.

     Persons who witnessed the execution of a renunciation of the right to letters of administration with the will annexed, but did not subscribe to it as witnesses, are not subscribing witnesses to such paper, and their subsequent proof of the paper in the manner required by subscribing witnesses, but not at the time of such renunciation, cannot make it admissible in evidence as having been duly proved by subscribing witnesses.

In the matter of the estate of Margaret Clute, deceased. Proceedings on the probate of a will.

Lewis Cass, for petitioner John F. Clute.

Eugene D. Flanigan, for petitioner Mary Molloy.

HEATON, S. . Margaret Clute, a resident of this county, died leaving a will which gave all of her personal estate to Mary E. Molloy, a stranger in blood, to the exclusion of her next of kin. No person was named as executor. Application was made by one John F.

Clute for the probate of such will by petition, setting forth that he was the assignee of all the right, title, and interest of the legatee, Mary E. Molloy, under the will, and there were annexed to such petition what purported to be an assignment of such interest, and a renunciation of right to letters of administration with the will annexed, both duly acknowledged in Albany county before Lewis Cass, notary public. Such petition and the papers annexed to it were filed in this county, together with waivers of issue and service of citation, duly executed by all of the next of kin of testatrix. Application was then made to this court for a subpœna duces tecum addressed to an Albany attorney, who had possession of the will, requiring him to produce the same for filing in this court. The will was subsequently produced, accompanied by a petition by said Mary E. Molloy, asking for the probate of such will, and the issuance of letters of administration with the will annexed to her, as the sole legatee named in said will. By consent of all parties, probate of the will was granted, and thereupon both Mrs. Molloy and Mr. Clute filed petitions for letters of administration with the will annexed; Mrs. Molloy claiming them because she was sole legatee named in the will, and Mr. Clute because he was assignee of all interest of Mrs. Molloy as such sole legatee, and because also she had renounced her right to be so appointed. When the matter came on for hearing, Mr. Clute attempted to offer in evidence the renunciation and assignment made by Mrs. Molloy, and on file with his original petition for probate. Such papers, although acknowledged before an Albany county notary, did not have annexed thereto the certificate of the Albany county clerk. To obviate this apparent difficulty, Mr. Clute was sworn, and gave such evidence regarding the execution of both of the papers as would be required from a subscribing witness to a deed to prove its execution. Mr. Cass, the notary, was also sworn, and gave similar testimony. Each of said persons then subscribed both of said papers as witnesses without objection, and such papers were then offered in evidence. Objection was made on behalf of Mrs. Molloy to receiving such papers in evidence, on the ground that they were not sufficiently and properly proved, and on the further ground that the evidence was immaterial for the reason that such assignment and renunciation could not affect the right of Mrs. Molloy to be awarded letters, she being then willing to accept the same. The question submitted is as to the admissibility of such papers.

A subscribing witness is one who was present at the time when the instrument was executed, and who at that time subscribed his name to it as a witness of the execution. Henry v. Bishop, 2 Wend. 575. Although the witness was present at the execution, if he did not subscribe the instrument at that time, but did it afterwards without request of the parties, he is not a good attesting witness. Hollenback v. Fleming, 6 Hill, 303; Earley v. Society, 81 Hun, 372, 30 N. Y. Supp. 979; Pritchard v. Palmer, 88 Hun, 416, 34 N. Y. Supp. 787. A notary who subscribed the notarial certificate of acknowledgment is not a subscribing witness. Insurance Co. v. Corey (Sup.) 7 N. Y. Supp. 939, reversed 135 N. Y. 326, 31 N. E. 1095, but not on above point. Notwithstanding the skillful and ingenious method devised by the attorney for furnishing proof of the execution of

such papers, it seems that the present state of the law does not permit such papers to be proved in such manner. It does, however, appear from the testimony of Mr. Clute and of Mr. Cass, who saw each of the papers subscribed by Mrs. Molloy, that sufficient common-law proof of the execution of the papers has been made to permit them to be received in evidence as an answer to the petition of Mrs. Molloy.

The remaining question is as to the materiality of such evidence. On behalf of Mrs. Molloy it is urged that such papers are not material, because, having applied for letters of administration with the will annexed, and so signified her willingness to accept such appointment, she is entitled to letters as an absolute right, without regard to the fact that she may have heretofore renounced such right and assigned all of her interest in the estate. In re Wilson, 92 Hun, 318, 36 N. Y. Supp. 882, is relied upon to sustain her contention. That was a case where letters of administration, not with the will annexed, were applied for, and it was held that the widow of deceased was first entitled, even though she had parted with all her interest in her husband's estate. But that case goes upon the reasoning that the persons named in section 2660, Code Civ. Proc., as being entitled in the order of priority there named, are so entitled, because of their relationship to the decedent, as a personal right, and not because of their beneficial interest in the estate. Section 2643, which provides for the appointment of an administrator with the will annexed, gives preference, first, to the residuary legatee, and next to a general legatee; and it is apparent from the reading of the section that the right to administer in such a case is not given as a personal one, but is made dependent more or less upon the interest which the different persons of the class named have in the estate. The object of the statute in conferring a preference on the residuary legatees in such a case seems to be to place the administration in the hands of those whose interest it is to see that the estate is administered in such a way as to avoid undue and careless waste. In re Lasak's Estate (Sup.) 8 N. Y. Supp. 740. It is also claimed on behalf of Mrs. Molloy that, although she may have renounced her right to administration, she may retract that, and letters must be issued to her if she signifies her willingness to accept the same. It may be true that she has such right to retract, but it would seem that it is a matter addressed to the discretion of the surrogate, since under some conditions and circumstances it might be manifestly unjust to permit a retraction. Without deciding now whether or not she has an absolute right to retract her renunciation, I hold that the evidence produced, showing her resignation and assignment of all of her interest in the estate, is material to be presented to the court, as bearing upon the proper determination and disposition of the question at issue between the parties. I therefore decide to receive the papers in evidence.

Decreed accordingly.