## CLARK v. PALMER.

(Supreme Court, Appellate Division, Third Department.   November 20, 1906.)

1. MALICIOUS PROSECUTION—ACTIONS—PLEADING.
    A complaint charging that plaintiff was arrested on a process at the instigation of the defendant on a false charge and without just and probable cause, and that defendant without just and probable cause made complaint against the plaintiff and wrongfully and unlawfully caused the arrest and imprisonment under the false charge, etc., was for malicious process alone, and not for false imprisonment as well.

2. SAME—PROBABLE CAUSE—QUESTION FOR JURY.
    In an action for malicious prosecution, the question of probable cause is for the court, unless the facts are in dispute.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Malicious Prosecution, § 161.]

3. SAME—EVIDENCE—SUFFICIENCY.
    In an action for malicious prosecution, evidence considered, and *held* to sustain a finding of the court that it did not tend to show that defendant acted without probable cause.
    Parker, P. J., and Cochrane, J., dissenting.

Appeal from Trial Term.

Action by Daniel Clark, an infant, by his guardian ad litem, against L. Grant Palmer. From a judgment on a nonsuit, plaintiff appeals. Affirmed.

Argued before PARKER, P. J. and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

A. W. Boynton, for appellant.
Smith & Wickes (Francis A. Smith, of counsel), for respondent.

JOHN M. KELLOGG, J. The appellant's contention that the action is for false imprisonment as well as for malicious prosecution is not well founded. The action rests solely upon the charge that the plaintiff was arrested on a process at the instigation of the defendant, upon a false charge, and without just and probable cause. The allegation that the defendant, without just or probable cause, made complaint against the plaintiff and wrongfully and unlawfully caused his arrest and imprisonment upon the false charge that he had placed obstructions upon the track, etc., does not charge or foreshadow the charge that the warrant was illegal or improperly issued, but only amplifies the charge of an arrest upon a false charge without reasonable and probable cause. It impliedly concedes that the warrant was properly issued by the magistrate and assumes its validity. It attacks the motives of the defendant in causing the warrant to issue, and not the act of the justice in issuing the warrant or the manner of arrest under it. The plaintiff's right to recover, therefore, rested solely upon the charge that he was arrested upon a false charge, without reasonable and probable cause. The rule applicable to this case is well defined by Hatch, J., in Bankell v. Weinacht, 99 App. Div. 316, 319, 91 N. Y. Supp. 107, 109, as follows:

"The law is well settled that the burden is devolved upon the plaintiff to prove that the prosecution was instituted through malice and without probable

cause. The latter question becomes one of law for the determination of the court. Where the facts are not in dispute, it is error to submit such question to the jury; but where the evidence upon the subject of probable cause is controverted and conflicting, or it involves the credibility of witnesses, then it becomes a mixed question of law and fact, and is required to be submitted to the jury under proper instructions as to the law. Fagnan v. Knox, 66 N. Y. 525. In that case it was said: 'The question of what constitutes probable cause does not depend upon whether the offense has been committed in fact, nor whether the accused is guilty or innocent, but upon the prosecutor's belief, based upon reasonable grounds. Bacon v. Towne, 4 Cush. (Mass.) 238. The prosecutor may act upon appearances, and, if the apparent facts are such that a discreet and prudent person would be led to the belief that the accused had committed a crime, he will not be liable in this action, although it may turn out that the accused was innocent.' Carl v. Ayers, 53 N. Y. 17."

There is no dispute here as to the facts. We must assume from the proceedings in the court below that the plaintiff was innocent; but that does not tend to prove, under the circumstances, that the defendant was actuated by malice and was proceeding without probable cause. The evidence of the plaintiff's witness, the attorney who prepared the information upon which the plaintiff was arrested, shows that Mr. Mansfield, the secretary and treasurer of the railroad company whose track was obstructed, Mr. Walcut, the attorney, and the defendant here, who was the superintendent of the company, were present at the time the information was prepared. The fact of the obstruction of the railroad and that the plaintiff was present at the various times when the obstructions were discovered, laughing and pointing at the obstructions, as stated by the trainmen, was fully talked over between them, practically to the same effect as stated in the depositions which were subsequently made. It was suggested that proceedings be taken against the boy as an incompetent person. The attorney prepared this information, and the defendant was requested to swear to it, and he stated that he could only do so upon the information received from the trainmen and officials and his belief. Those facts, and the facts stated in the deposition, which were practically repeated at the time, do not tend to show that the defendant was actuated by malice or was proceeding without probable cause, but are such facts as a reasonably prudent man, charged with the duty which this defendant was charged with to the company and the public, might well have acted upon as he did. In fact, a careful reading of the depositions tends strongly to show that there was probable cause to believe the plaintiff guilty. It cannot be said that there was evidence which required the court to submit the case to the jury.

The judgment is therefore affirmed, with costs. All concur except PARKER, P. J., and COCHRANE, J., who dissent.