(58 Misc. Rep. 48.)

### SIPPELL v. SALMOWITZ et al.

(Supreme Court, Special Term, New York County. February, 1908.)

FALSE IMPRISONMENT—EVIDENCE.
   Where defendants discover that a forgery has been committed, and immediately institute inquiry and obtain information leading them to suppose that one who had been previously in their employ was guilty, and he, on being accused, declares that he can prove an alibi, and there is sufficient justification to authorize a prudent man to cause the accused person's arrest, a verdict against defendants in an action for false imprisonment in causing the arrest of the accused person will be set aside.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, False Imprisonment, § 108.]

Action by Richard Sippell against Morris Salmowitz and others. Verdict for plaintiff. Motion to set aside verdict granted.

Theodore N. Ripsom, for plaintiff.
Henry C. Neuwirth (Leon Kronfeld, of counsel), for defendants.

GOFF, J. When defendants discovered that the silk had been obtained on a forged order, they took immediate steps to ascertain the identity of the writer and of the man who presented it. Relative to the one they were told by the firm whose name appeared on the order of the man who had formerly been in their employ and who had access to their stationery, and to the other they received from their employé who delivered the silk a description of the man who waited on the street to receive it. These lines of information converged on the plaintiff, and when accused he declared that in a half hour he could prove an alibi. On request he made a writing, and, while comparison of this writing with the forged writing might of itself be inconsequential, yet, when taken in connection with the plaintiff's remarkable readiness to prove an alibi, the information received, and the description given, there was sufficient circumstantial justification for an ordinarily careful and prudent man to cause the arrest of the plaintiff.

There was no question but that a crime of the grade of felony had

been committed, and the defendants were not required to wait until they had secured proof of plaintiff's guilt beyond a reasonable doubt before causing his arrest. It was sufficient if they had probable cause to believe in good faith that plaintiff was the man, even though in point of fact he was not, and eventually it should be shown that a mistake had been made. The responsibility for a false arrest is not determined by the subsequent discharge or acquittal of the accused, but by the existence or nonexistence at the time of reasonable grounds of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in his belief that the person accused is guilty of the offense charged. Anderson v. How, 116 N. Y. 336, 22 N. E. 695. The prosecutor may act upon appearances, and if the apparent facts are such that a discreet and prudent person would be led to the belief that the accused had committed a crime he will not be liable for a false arrest, even though the accused be innocent. Clark v. Palmer, 116 App. Div. 117, 101 N. Y. Supp. 759. In view of the plaintiff's discharge by the magistrate, his innocence must be presumed; but it does not impinge on that presumption to rule that the weight of evidence and the instructions as to probable cause were either ignored or misunderstood by the jury. On the trial a witness swore that he was employed by the plaintiff to present the forged order, and that on it he procured the silk and delivered it to the plaintiff. While this could not be controlling on the question of the existence of probable cause at the time of the arrest, it was nevertheless a circumstance to be considered in relation thereto. That the defendants acted only after investigation, and then with prudence, and were justified in believing that they had probable cause in making the accusation, was clearly sustained by the weight of evidence, and the verdict against it should be set aside.

Verdict set aside.