In the Matter of the Arbitration of the Claim of TOBIAS A. KEPPLER, Respondent, against CHARLES NESSLER, SR., Individually and Doing Business under the Name and Style of C. NESTLE Co., Appellant.

First Department, December 28, 1928.

*Joseph R. Kelly* of counsel [*George F. Handel*, attorney], for the appellant.

*Martin J. Desmoni*, for the respondent.

FINCH, J. An award of a majority of the arbitrators herein was confirmed at Special Term. Defendant appeals.

A dispute having arisen between the parties to this appeal as to the compensation, if any, due the petitioner, an attorney, from the appellant for services rendered and moneys advanced for disbursements, the parties entered into an arbitration agreement to submit their controversy to three arbitrators. The two arbitrators appointed by the respective parties having been unable to agree, they appointed one Green as the third arbitrator, pursuant to the arbitration agreement. The latter was signed by both parties and acknowledged by the petitioner Keppler, but was not acknowledged by the appellant Nessler. On June 23, 1928, Davies, the arbitrator appointed by the petitioner, and Green, the third arbitrator, made an award in favor of the petitioner against the appellant. The arbitrator Wenzel found in favor of the appellant. Subsequent to the making of the award and on June twenty-eighth, the petitioner's arbitrator Davies acknowledged the arbitration agreement as subscribing witness to the signature of the appellant.

The appellant makes affidavit that at no time did he request the said arbitrator Davies to act as subscribing witness to his signature, either for the purpose of taking his acknowledgment or otherwise. This allegation is not denied. A person is not competent to prove an instrument as a subscribing witness if he was not requested to sign his name as such subscribing witness by the party executing the instrument. (*Earley* v. *St. Patrick's Church Society*, 81 Hun, 369.) Therefore, the alleged acknowledgment through the subscribing witness is of no avail. The appellant further swears upon information and belief that the subscribing witness did not subscribe as such at the time of the execution of the instrument, but this allegation is denied. No one can act as a subscribing witness who did not subscribe as such at the time of the execution of the instrument (*Hollenback* v. *Fleming*, 6 Hill,

303), unless such person thereafter received authority to so subscribe from the party to the agreement. (*Pritchard* v. *Palmer*, 88 Hun, 412.) An agreement of arbitration to be valid " shall be in writing, duly acknowledged or proved, and certified, in like manner as a deed to be recorded." (Civ. Prac. Act, § 1449.)

The appellant further objects and makes affidavit " that at no time were the arbitrators herein sworn by an officer authorized by law to administer an oath faithfully and fairly to hear and examine the matters in controversy, and to make a just award according to the best of their understanding, nor was this oath waived by the written consent of the parties or their attorneys." This allegation is not denied by any affidavit on behalf of the petitioner, except that the award made by the petitioner's arbitrator Davies and the third arbitrator Green has a recital reading as follows: " As arbitrators, having duly taken the oath provided by law, we have completed our investigations  *  *  *." The record, therefore, does not contain sufficient proof that before hearing any testimony the arbitrators had been duly sworn to faithfully and fairly hear and examine the matters in controversy, and to make a just award according to the best of their understanding, unless said oath is waived, as required by section 1452 of the Civil Practice Act. The statute, by its express terms, makes the oath a condition precedent to the exercise of the judicial powers of the arbitrators. The requirement of the oath, moreover, applies to all arbitrators, whether statutory or so-called common-law arbitrators (*Hinkle* v. *Zimmerman*, 184 N. Y. 114), nor can the oath be waived except as provided by the terms of the statute itself, namely, by the written consent of the parties to the submission or their attorneys. (*Flannery* v. *Sahagian*, 134 N. Y. 85.) No question of waiver can arise, therefore, in the case at bar.

The judgments appealed from and the order confirming the award of the arbitrators should be reversed and motion to confirm denied, with leave to the petitioner to renew his motion to confirm the award upon payment of said costs and upon adequate proof that the arbitration agreement was duly acknowledged and that the arbitrators took the oath of office as required by law.

Dowling, P. J., McAvoy, Martin and O'Malley, JJ., concur.

Judgments and order reversed, with costs, and the motion to confirm the award denied, with leave to the petitioner to renew his motion to confirm upon payment of said costs and upon adequate proof that the arbitration agreement was duly acknowledged and that the arbitrators took the oath of office as required by law.