In the Matter of the Arbitration between FILM CLASSICS, INC., Petitioner, and HAL ROACH STUDIOS, INC., Respondent.

Supreme Court, Special Term, New York County, August 3, 1945.

*Schwartz & Frohlich* for respondent.

*David B. Stillman* and *Sidney H. Levin* for petitioner.

BOTEIN, J. This is a motion by Hal Roach Studios, Inc., to strike out and expunge the following paragraph from a notice electing arbitration served upon it by Film Classics, Inc.: " It is understood that any arbitrators acting for or on behalf of you or the undersigned shall in nowise be interested or connected financially, or otherwise, with you or the undersigned." The movant maintains that this paragraph is improper, since it imposes a condition or limitation with respect to the selection of an arbitrator not contained in the arbitration clause of the contract between the parties.

The movant has not as yet nominated its arbitrator. No indication has been given upon this motion that it proposes to designate a person who comes within the prohibition of the questioned paragraph. Until such an interested person is appointed, I shall not join the movant in tilting at windmills — particularly before they have ever been set in motion.

As the matter stands now, Film Classics has served notice upon Roach that it will not accept an arbitrator who is interested or connected with either party. One result of this notice is to lay at rest any possible future assertion of waiver, in the event the movant appoints an interested arbitrator. The law should encourage the early establishing of such a position by one of the parties to an arbitration agreement, to the same extent as it discourages the designation of partial, interested or prejudiced arbitrators. It seems to me that the paragraph in dispute is in broad and general terms declaratory of New York State statute and case law, which require that arbitrators be fair, impartial and unprejudiced in the consideration of disputes submitted to them. (See *Matter of A. E. Fire Ins. Co.* v. *N. J. Ins. Co.*, 240 N. Y. 398; *Matter of Keppler* v. *Nessler*, 225 App. Div. 99; *Matter of Friedman*, 215 App. Div. 130; *Matter of Albert* v. *Spiegelberg*, 146 Misc. 811; Civ. Prac. Act, § 1462, subd. 2; § 1455.)

If the movant does not appoint a proposed arbitrator proscribed under the clause in question, this application is academic. If it does seek to appoint a person whose interest or partiality may be questioned, then the movant may seek to expunge the disputed paragraph or render it inapplicable in its relation to a specific individual, with specific interests, and Film Classics may likewise seek to disqualify that individual upon specific charges of partiality, rather than under the necessarily broad and general language of the notice electing arbitration. Since at this stage of the demand for arbitration I regard the offending paragraph as essentially an establishment of position by Film Classics, this motion is denied.