Points decided.

[No. 2,341.]

## C. K. MARSHALL *v.* U. CALDWELL, E. E. FORREST, AND I. TRUEMAN.

CONSTRUCTION OF WRITTEN CONTRACT—SALE OF LAND.—Where a party who owns but an undivided one half of a tract of land enters into a contract by which he agrees that, upon the payment of the purchase money, he will convey the whole of the land to another party, who is induced to regard him as the owner of the entire premises, the vendor is deemed to have sold not only his own interest in the land, but the whole of the land.

IDEM—ALLEGATION IN COMPLAINT.—In the face of such an agreement, the vendor will not be permitted to aver, if he brings an action to recover possession from the party holding under the contract, that he sold less than the whole title to the land, unless he can also aver that the written contract, by reason of fraud, mistake, or the like, does not show the real contract.

RIGHT TO RESCIND—SPECIFIC PERFORMANCE.—In the case stated, upon a discovery by the vendee that the plaintiff held only the undivided half of the land, he is entitled to proceed at once to rescind the contract; or he may proceed to have the contract specifically enforced to the extent of the plaintiff's interest in the land.

RESTORATION OF POSSESSION—RENTS AND PROFITS.—In proceeding to specifically enforce the contract, it is not incumbent on the defendant to restore, or offer to restore, the possession to the plaintiff; nor is the plaintiff entitled to any portion of the rents and profits accruing since the contract was made.

OBLIGATION OF VENDOR TO CONVEY.—If the vendor in such a case is unable to perform the entire agreement, and can convey only an undivided half of the land, he may be compelled to convey that interest.

OBLIGATION OF VENDEE TO TENDER PAYMENT.—To entitle the vendee in the case stated to a decree compelling the vendor to convey his undivided half of the land: *held*, that it was necessary for him to tender as the purchase money only one half of the contract price.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The facts are stated in the opinion of the Court.

*L. P. Marshall*, for Appellant, argued that as the contract of sale contained an express provision whereby the plaintiff agreed to execute a deed to the defendant warranting the title as against himself and all persons claiming from him, but against no others, he can be deemed to have sold only

his own interest in the land.   He also argued that the cross complaint was insufficient to constitute a defense to the action of ejectment on the ground of covenant for conveyance, because that ground of defense is destroyed by asserting title in another, and by averring that the vendee took possession without averring a surrender, or offer to surrender, possession to plaintiff; and also, that it is inequitable, first, for the defendant, by himself and assignor, to accept the possession from plaintiff of the undivided one half of the land to which he has not the legal title, and receive to his own use the rents and profits for a long space of time—to wit, for more than three years—without rendering to plaintiff any return for such benefits; and, second, to refuse to surrender up such possession, and resist the action of ejectment.  These acts being inequitable, he cannot claim any equitable relief whatever.   The maxim is, "He who seeks equity must do equity." (*Walker* v. *Sedgwick*, 8 Cal. 404; *McCracken* v. *San Francisco*, 16 Cal. 638.)

*John M. Coghlan*, for Respondents.

The rule is well settled that where a party contracts to sell land, and he is unable to make a complete title to all the property sold, or where there has been a substantial misdescription of it in important particulars, Courts of equity will not suffer the vendor to take advantage of his own wrong, or misdescription, but will allow the vendee to proceed with the purchase *pro tanto*, or to abandon it altogether.   "The general rule (for it is not universal) in all such cases," says Mr. Justice STORY, "is, that the purchaser, if he chooses, is entitled to have the contract specifically performed as far as the vendor can perform it, and to have an abatement out of the purchase money, or compensation for any deficiency in the title, quantity, quality, description, or other matter touching the estate."   (Story's Eq. Jur. Sec. 779; *Mortlock* v. *Buller*, 10 Ves. 315; *Attorney General* v. *Day*, 1 Ves. 218; *Voor-*

*hees* v. *De Meyer*, 2 Barbour, 50; *Pingree* v. *Coffin*, 12 Gray Mass. 316; Fry on Spec. Perf. Sec. 299; *Gilbert* v. *Peteler*, 38 Barbour, 517; *Luckett* v. *Williamson*, 31 Miss. 54; *Bell* v. *Thompson*, 34 Ala. 633; *Collins* v. *Smith*, 1 Head. Tenn. 251; *Wright* v. *Young*, 6 Wis. 127.) The objection that the tender is not properly alleged is untenable. When acts to be done by two parties are mutual and concurrent, an allegation in the complaint that plaintiff offered to perform his part of the contract, and a continued readiness to perform, and a refusal by defendant, is sufficient to sustain an action for specific performance; the tender in such cases only going to the question of costs. (*Stevenson* v. *Maxwell*, 2 Comstock, 408; *St. Paul Division* v. *Brown*, 9 Minn. 157.) Especially when the vendor, as in the case at bar, refuses to perform. (*Stone* v. *Sprague*, 20 Barbour, 509; *Bellinger* v. *Kitts*, 6 Barbour, 281.) The offer to perform, and the right to a tender, if it ever existed, is waived by the neglect of appellant to discharge the estate from the cloud upon his title. (*Holmes* v. *Holmes*, 12 Barbour, 143.)

By the Court, RHODES, C. J.:

The plaintiff sues in ejectment, and relies for a recovery on his legal title. The defendant Forrest, the vendee of Caldwell, sets up in his cross complaint a contract made between the plaintiff and Caldwell, by which the plaintiff sold to Caldwell the premises in controversy, and covenanted to convey the same to him upon the payment of the purchase money therein mentioned; and alleges that he entered into possession of the land under the contract; that the plaintiff falsely and fraudulently represented that he owned the whole land; but that in truth he owned only the undivided half of it; that he offered to accept a deed from plaintiff of so much of the land as the plaintiff was the owner of, and to pay the plaintiff therefor a proportionate

part of the purchase money; and he prays for a specific performance of the agreement as to the undivided half of the land.

The contract, as already remarked, shows that the plaintiff sold the whole land, and not, as he now contends, only his interest in the land. True, he could not convey any greater interest in the land than he held, but the contract recites a sale of the entire title. The covenants which, by the terms of the contract, are to be inserted in the deed, do not limit the extent of the interest attempted to be sold, for upon a sale in fact of the entire title, the vendor may restrict the covenants, whether express or implied, in such manner as the parties may agree. Nor indeed will the plaintiff be permitted to aver, in the face of the agreement, that he sold less than the whole title to the land, unless he can also aver that the written contract, by reason of fraud, mistake, or the like, does not show the real contract.

Upon the discovery by the vendee, that the plaintiff held only the undivided half of the land, he was entitled to proceed at once to rescind the contract; but he was not obliged to adopt that course. He was entitled to proceed, as he has done in this case, to have the contract specifically enforced to the extent of the plaintiff's interest in the land. The discussion, therefore, of the rules of law which may be applicable, when the vendee elects to rescind the contract on account of the fraudulent representations of the vendor, are immaterial, for the vendee elects, not to rescind, but to affirm the contract, so far as the plaintiff is able to perform it.

It does not expressly appear, that at the time of the sale, the plaintiff had the possession of the land, but as Caldwell acquired the possession under the contract, it may be assumed, as both parties seem to concede, that the plaintiff then held the possession. Whatever possession he may have had, and whatever may have been the source of his right of

possession, it is clear that such right passed to the vendee by virtue of the sale.    In proceeding to specifically enforce the contract, it is clear that it is not incumbent on the defendant to restore or offer to restore the possession to the plaintiff.   In such case it is equally clear that the plaintiff is not entitled to any portion of the rents and profits accruing since the contract was made, for the reason that he was not, and is not now, entitled to the possession of the premises if the defendant is entitled to a specific performance of the contract.   That is the only remaining question.

The cross complaint of defendant Forrest is sufficient to entitle him to a judgment for a specific performance of the agreement, and in this respect it is sustained by the findings.   The plaintiff does not controvert the position—and there is no doubt of its soundness—that if he is unable to perform the entire agreement, and can convey only an undivided half of the land, he may be compelled to convey that interest.   To entitle the defendant to that relief, it was necessary for him to pay or tender as the purchase money only one half of the contract price.   The offer to pay that sum is alleged, and the finding is in accordance therewith. The possession which the plaintiff had will be referred, for its right, to his title to the undivided half of the land which he then held; and as the defendant is entitled to such possession, the plaintiff is neither entitled to be restored to the possession jointly with the defendant, nor to any separate compensation for such possession beyond the one half of the stipulated price for the whole land.

The question as to the correctness of the ruling of the Court, in permitting the defendant to amend his cross complaint in respect to the allegation of the fraudulent representation of the plaintiff as to his title to the land, need not be noticed; as in the view we have taken of the nature of the cross complaint, the amendment was immaterial.

Judgment affirmed.