[No. 9898. Department Two. — May 28, 1888.]

WILLIAM B. SWAIN, APPELLANT, v. EUGENE T. BURNETTE ET AL., RESPONDENTS.

76  299
78  359
76  299
148  618

JUDGMENT BY DEFAULT — REVIEW ON APPEAL. — Where a demurrer to a complaint is withdrawn, and leave to amend is granted, and judgment by default is entered against plaintiff for failure to amend, such judgment will be reversed if the complaint states a cause of action.

SPECIFIC PERFORMANCE — COMPENSATION FOR DEFICIENCY. — Where the defendant is not able to perform the whole of the agreement, he may, at the option of the plaintiff, be compelled to perform it as far as he can, with compensation for the deficiency.

REVIEW OF ORDER STRIKING OUT A PORTION OF THE COMPLAINT. — An order striking out a portion of the complaint, not being itself appealable, may be reviewed on appeal from the final judgment.

AGREEMENT TO EXCHANGE LAND — COMPLAINT FOR SPECIFIC PERFORMANCE
— MATERIAL AVERMENT — STRIKING OUT. — If an agreement for specific
performance is executed on one side by a conveyance, and it turns out
that for some reason the agreement cannot be enforced, the party con-
veying is entitled to a reconveyance, and therefore an averment relating
to the conveyance tends to state a cause of action. and should not be
stricken out.

MATERIAL AVERMENT — DEFECTIVE STATEMENT — REMEDY. — A material
averment which is defectively stated should not be stricken out. The
remedy is a special demurrer.

SPECIFIC PERFORMANCE — RENTS AND PROFITS. — If the plaintiff has exe-
cuted his side of an agreement to exchange lands by a conveyance, he is
entitled, in an action to enforce the agreement, to an account of rents
and profits, and an averment relating thereto should not be stricken out.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion.

*George W. Lewis*, for Appellant.

*J. C. Plunkett, A. M. Rosborough, J. C. Martin*, and
*Morgan & Lawson*, for Respondents.

HAYNE, C. — Suit to compel specific performance of an
agreement to exchange lands. The defendants demurred
to the amended complaint, and moved to strike out por-
tions of the same. Both matters came on to be heard
at the same time. The court granted the motion to
strike out; "and in the matter of the demurrer, counsel
for plaintiff asking leave to amend the amended com-
plaint herein, and the demurrer *by consent of all parties
being withdrawn*" (folio 67), leave to amend was granted.
Plaintiff failed to amend within the time allowed by the
court, and thereupon final judgment was entered against
him by default. The appeal is taken from the judgment,
— a bill of exceptions incorporating the proceedings on
the motion to strike out having been settled and filed.

1. The demurrer having been withdrawn cannot be
considered. The judgment was by default, and if the
complaint (as it stood after the granting of the motion

to strike out) states a cause of action, the judgment cannot stand. It is well settled that a judgment by default *in favor of the plaintiff* will be reversed on appeal from the judgment, unless the complaint states a cause of action. (*Hallock* v. *Jaudin,* 34 Cal. 172; *Choynski* v. *Cohen,* 39 Cal. 502; 2 Am. Rep. 476; *Pittsburgh Mining Co.* v. *Greewood,* 39 Cal. 71; *Rhoda* v. *Alameda County,* 52 Cal. 350; and see *Howard* v. *Galloway,* 60 Cal. 11.) And upon analagous principles a judgment by default *in favor of the defendant* will be reversed on appeal from the judgment if the complaint states a cause of action. The judgment by default against the plaintiff is in effect an adjudication that he has no case, or in other words, that his complaint does not state a cause of action. If it does state a cause of action, the judgment is erroneous. It makes no difference that the plaintiff asked leave to amend. It is quite possible that the complaint could be improved in some respects; and it is to be presumed that plaintiff, at the time he asked leave to amend, desired to improve it. But if it stated a cause of action, this was not necessary. And the plaintiff had a right to change his mind and stand upon it as it was. The case is like the very common one where a general demurrer is sustained, and upon request of plaintiff leave to amend is granted, but not availed of, and judgment goes by default. No one could doubt that in such a case, if the complaint states a cause of action, the judgment must be reversed.

The question, therefore, is, whether the complaint states a cause of action. And we think it does, although it is very loosely drawn. It proceeds upon the principle that where the defendant is not able to perform the whole of his contract, he may, at the option of the plaintiff, be compelled to perform it as far as he can, with compensation for the deficiencies. (See 1 Story's Eq. Jur., sec. 779; *Marshall* v. *Caldwell,* 41 Cal. 614, 615.)

In this regard it is to be observed that the compensa-

tion which plaintiff seeks does not consist of damages for false representations, as might be supposed from a cursory reading of the complaint. If that were the case, we should be inclined to doubt whether his claim for such damages would be available in a suit like the present. The averment is, that the defendants *agreed* to convey the things which plaintiff says he has since found they did not own.

The complaint seems full of contradictions, uncertainties, and ambiguities; but we think it states a cause of action, even after being stripped of some of its averments by the motion to strike out.

2. The respondent objects to the right of appellant to be heard as to the motion to strike out, on the ground that no appeal was taken from the order granting that motion. But such an order is not mentioned among the interlocutory orders which the statute makes the subject of an appeal. Hence it is not itself appealable. It can be reviewed, however, upon appeal from the judgment, as an intermediate order which involves the merits or necessarily affects the judgment. (Code Civ. Proc., sec. 956.) And we think the order was erroneous in several respects.

(*a*) The plaintiff, after alleging that on the 9th of July he tendered to the defendants a deed of the land which he was to convey to them, proceeded to allege that on the fifteenth of the same month he delivered such deed to their agent, and that said deed was accepted, and that "ever since that date the said defendants have held, and do now hold, said deed and title papers whereby the unencumbered title of said lands and premises of said plaintiff now vests in the said defendants." The court below struck out the allegation as to the delivery on the 15th of July, but left the remainder. This leaves the averments upon the subject in a somewhat unintelligible shape. We think this part of the complaint should have been allowed to

remain as it was pleaded. It is true that the tender on the 9th of July might have been sufficient without the rest of it. But the subsequent delivery and acceptance presents a stronger equity. And beside, if it should turn out that the plaintiff is not entitled to enforce the agreement of exchange, he would at least be entitled to a reconveyance of what he conveyed to the defendants. And this relief, we think, should be had in the present action.

(*b*) Paragraph 9 should not have been stricken out. It went to excuse a slight delay on the part of the plaintiff. (See *Brown* v. *Covillaud*, 6 Cal. 571; *Fowler* v. *Sutherland*, 68 Cal. 415.) If it be defectively stated, the remedy was by demurrer, and not by motion to strike out. (*Jackson* v. *Lebar*, 53 Cal. 258, 259.)

(*c*) The averment that the property, although standing of record in the name of Nettie C. Burnette, was the community property of both defendants, should not have been stricken out. It went to show that Eugene T. Burnette was properly joined as a defendant.

(*d*) The averment as to rents and profits should not have been stricken out. If plaintiff shall succeed, he will be entitled to an accounting of the rents and profits upon principles of equity. (See Fry on Specific Performance, sec. 889; *Worrall* v. *Munn*, 38 N. Y. 137; *Heinlen* v. *Martin*, 53 Cal. 322.) As has been stated, if the averments on the subject are defective, the remedy is not by motion to strike out.

The other matters discussed do not require special notice.

We therefore advise that the judgment and orders be reversed, and the cause remanded for further proceedings in accordance with the above opinion.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and orders are reversed, and the cause remanded for further proceedings in accordance therewith.