Mundy v. Irwin, 20 N. M. 43

[No. 1638, January 12, 1915.]

## MUNDY v. IRWIN.

### SYLLABUS BY THE COURT.

1. Where a vendor puts his vendee into possession of real estate, an uncertainty of description in the contract of sale, with otherwise might prevent specific performance of the contract, is thereby cured.

P. 49

2. The admission of alleged incompetent oral evidence to identify real estate defectively described in a written contract of sale cannot be reviewed, in the absence of the evidence from the record.

P. 50

3. Where the findings of the court show, at least inferentially, that the defendant bought by the tract, rather than the acre, he cannot defeat specific performance on account of slight deficiency in area from that mentioned in the contract of sale.

P. 50

4. A contract of exchange of real estate may be specifically enforced the same as one for ordinary sale, and the vendee may have a specific performance of that part of the contract which the vendor can perform, with compensation for that part which he cannot perform, the same as in ordinary cases of sales of real estate.

P. 51

Appeal from District Court, Chaves County; M. C. Mechem, Judge.

Action by Ed. S. Mundy against W. J. Irwin. From decree for plaintiff, defendant appeals. Affirmed.

W. C. REID, ED. S. GIBBANY and G. T. BLACK, of Roswell, for appellant.

Complaint is defective because of insufficient allegation as to description.

Marriner v. Dennison, 20 Pac. 386; 76 Fed. 533.

A contract which equity will specifically enforce must be specific in its terms and certain with reference to the description of the property and the estate to be conveyed.

Warville on Vendors, par. 96, vol. 1.

A complaint which leaves any essential fact in doubt is bad.

Sutherland Pl. Pr. & Forms, par. 6951.

Ownership of the property by defendant must be alleged.

Morrisey v. Strom, 107 Pac. 191; 20 Enc. Pl. & Prac. 451; 49 Am. St. R. 611.

There was no pleading to support testimony concerning certain property as that supposed to have been conveyed by plaintiff.

20 Pac. 389; Ryan v. Davis, 6 Pac. 342.

The test of the case is whether the purchaser intended by the contract to purchase forty acres or the Armold Farms, irrespective of the amount of land they contained.

1 Elliott on Contracts, sec. 106 a; Hays v. Hays, 11 L. R. A. 376 and notes; Pratt v. Bowman, 17 S. E. 210; Miller v. Craig, 4 Am. St. R. 179, 83 Ky. 623; Paine v. Upton, 41 Am. St. R. 371; Triplett v. Allen, 26 Grat. 721, 21 Am. R. 320; Baltimore P. B. & L. Society, v. Smith, 39 Am. R. (Md.) 374; Marbury v. Stonestreet, 1 Md. 147.

The contract being entire and indivisible a part performance thereof cannot be decreed.

26 Am. & Eng. 32; 15 Am. & Eng. ——; Sternberger v. McGovern, 56 N. Y., 44 Am. St. R. 110, 2 Am. & Eng. Ann. Cas. 628.

Mundy v. Irwin, 20 N. M. 43

The measure of damages is the difference between the value of the land at the time of the breach and the price contracted to be received.

Bech v. Staats, 16 L. R. A. (N. S.) 768; 106 Am. St. R. 951, 963.

Strict performance cannot be decreed for the following reasons:

(1) The plaintiff is in default as to the number of acres contracted to be conveyed.

26 A. & E. 70.

(2) Damages payable in money does not bind either party to purchase the property or pay money or purchase price for deficiency.

Sternberger v. McGovern, 56 N. Y. 12.

HIRAM M. Dow and ROBERT C. Dow of Carlsbad, for appellee.

The attack by appellant that the complaint is defective is not properly before the court, having been raised in the appellate court for the first time.

Conway v. Carter, 11 N. M. 419; Chaves v. Lucero, 13 N. M. 368; Palma v. Weinman, 13 N. M. 226; Clelland v. Hostetter, 13 N. M. 43; Crabtree v. Segrist, 3 N. M. 195; Herlow v. Orman, 3 N. M. 471; Coler v. Bd. of Co. Commissioners, 6 N. M. 88.

A complaint for specific performance is sufficient if it appears therefrom that performance is impossible. It need not allege defendantt's ability to perform.

36 Cyc. 777; Greenfield v. Carlton, 30 Ark. 547; Harrigan v. Dodge, 200 Mass. 357; Borden v. Curtis, 19 Ail. 127; Jacobson v. Rechnitz. 93 N. Y. S. 173.

After judgment the complaint will be sustained if a fair inference of the necessary facts may be drawn therefrom.

16 Dec. Dig. Pleading. sec. 34(6) and cases cited.

It must be shown that not only that error occurred but that it was prejudicial, and the cause should not be reversed and plaintiff required to amend his complaint.

U. S. v. Griego, 11 N. M. 392.

A complaint defective in mere matter of form may be amended, and judgment shall not be reversed by reason of such defect.

Sub-sections 85 and 86 of section 2685, C. L. 1897; Friday v. Railway Co., 16 N. M. 434.

The description of contract was sufficient to warrant parol evidence to arrive at its legal description.

5 Cyc. 879; Posey v. Kimsey, 142 S. W. (Ky.) 703; Lewis v. Baird, 3 McLean, 56; Bogan v. Hamilton, 8 So. (Ala.) 186; Shover v. Shoemaker, 68 N. C. 327; Rainbott v. March, 52 Tex. 246; White v. Gay, 31 Am. Dec. 224; Sailes v. Gillfillian, 73 Mo. App. 152; Hyden v. Perkins, 83 S. W. (Ky.) 128.

Where description of land in contract of sale is defective, in an action of specific performance the defect will be considered cured where the vendee has been put in possession of the land.

Keepers v. Yoacum, 22 An. Cas. (Kan.) 748 and note.

Error in admitting evidence cannot be urged on appeal when it was not urged in the court below.

Mogollon v. Stout, 14 N. M. 245; Gillett v. Chaves, 12 N. M. 353; Putney v. Schmidt, 16 N. M. 400; Friday v. Ry. Co., 16 N. M. 434; In Re Meyer, 14 N. M. 45.

If there was error under the third assignment it was cured by the finding of the court that Irwin knew the quantity and quality of the Mundy tract.

Howey v. Gessler, 16 N. M. 319; Newcomb v. White, 5 N. M. 435.

The fourth and fifth assignments are based upon no specific objection.

Mogollon v. Stout, 14 N. M. 245.

Plaintiff was entitled to specific performance with compensation.

6 Pom. Eq. Juris. secs. 434, 453, 831, 833; Pom. Specific Per. secs. 436, 438, 456; 20 Am. & Eng. Encl. Law, 83.

When the evidence is not a part of the record the appellate court cannot say whether or not the findings are erroneous.

In Re Meyer, 14 N. M. 45; Lincoln-Lucky Min. Co. v. Hendry, 9 N. M. 14; Romero v. Desmarais, 5 N. M. 142; Clark v. Carlyle Mining Co., 5 N. M. 323.

## OPINION OF THE COURT.

PARKER, J.—A motion to dismiss this appeal was denied. Mundy v. Irwin, 141 Pac. 877. We also then held that the bill of exceptions was not before us, because not properly certified, leaving only the record proper for consideration.

The amended complaint, upon which the case was tried, sets up three causes of action, all growing out of a written contract for the sale of land by one to the other of the parties thereto, being in reality an exchange or trade of land from one to the other. The first cause of action is for the reformation of the contract as to certain descriptions of the property therein mentioned, alleged to have been inserted in the contract in error by mutual mistake of the parties. The second cause of action is for the specific performance of the contract as reformed. The third cause of action is for damages for the breach of the contract in that the defendant failed and refused to deliver possession to the plaintiff, as was provided in the contract, whereby plaintiff lost the fruit crop then growing on the land purchased by him, and alleged to be worth $6,000. This cause of action need receive no further consideration, as the court denied the relief asked, and no appeal therefrom was taken.

A demurrer was interposed and overruled by the court, whereupon defendant answered, admitting the execution of the contract, but denying all of the other allegations

of the complaint, and, by way of new matter, alleging that, as an inducement to signing the contract, he relied entirely as to the quality, quantity, and character of the lands for which he was trading, upon the representations of one Vickers, the authorized agent of the plaintiff, in making the exchange of said land, and that he (defendant) had no knowledge of the subject, and that said Vickers made false and fraudulent representations to him as to the quality and quantity of the land in that there were less than 38 acres, instead of 40 acres, as represented by Vickers, and in that more than 15 acres thereof were alkalied and subirrigated, instead of not more than 5 acres, as was represented by Vickers. A reply was filed denying each of the allegations of the answer by way of new matter.

The court made findings to the effect that on July 30, 1912, the plaintiff was the owner of certain lands described in the finding, and that the defendant was likewise the owner of certain lands described in the finding, and that on said day the plaintiff and defendant entered into the said contract; that by mutual mistake some of the property was misdescribed in the contract; that defendant initiated the deal or agreement, and requested the said Vickers to ascertain whether the exchange could be effected, and to effect the same, if possible; that defendant knew, or could have known, the quantity and quality of plaintiff's land, and no misrepresentations were made to defendant in that regard; and that tender of good title was made by plaintiff and was refused by defendant. The court found as a conclusion of law that the contract should be reformed, and, as reformed, should be specifically enforced.

At this point a motion for rehearing was interposed on the questions of law involved, and it was stipulated that the defendant was unable to perform as to one piece of property, and that its value was $1,200. Thereupon final decree was entered, reforming the contract and specifically enforcing it, except as to the one piece of property which defendant could not convey, and awarding compen-

sation to the plaintiff in the sum of $1,200 for the value thereof. he defendant appeals.

[**1**]   The first assignment of error challenges the overruling of the demurrer to the complaint.   The demurrer was upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, and seven different grounds of objection were specifically pointed out.   Only one of these grounds is argued in the brief, viz., that the description of the property was so indefinite and uncertain, both in the contract and in the complaint, as to prevent specific performance.

Ordinarily, of course, where a defendant answers over after the overruling of his demurrer, he waives his demurrer and cannot assign error here upon the court's action.   Territory v. Baca, 134 Pac. 212.   But here the demurrer raised the question as to the sufficiency of the complaint to state a cause of action, and we deem this assignment sufficient to present to this court any question which was presented to and decided by the district court in this regard.

The argument of counsel is to the effect that the contract is so indefinite and uncertain as to the description of the property to be conveyed by plaintiff, and the complaint so fails to supply the deficiency, that the contract cannot be specifically enforced.   The description in the contract and complaint is as follows:   "Forty acres of land adjoining the town of Hagerman, and known as the Armold Farms."

. The argument by counsel proceeds to the effect that as "there might have been a dozen 40-acre tracts near Hagerman known as the Armold Farms, any one of which would have filled the description in the alleged contract and under the allegations in the said complaint relative to such description," the description is insufficient.   He cites authority to the effect that if the complaint had alleged that there was but one "Armold Farm" adjoining Hagerman, or that the parties verbally agreed upon the property which would suit the description, the objection would be overcome.   They cite Marriner v. Dennison, 78

Cal. 202, 20 Pac. 386; Gray v. Smith, (C. C.) 76 Fed. 525, 533; 1 Warville on Vendor, § 96.

But counsel overlook the finding of the court that plaintiff had performed all of the conditions of his contract, which includes the putting of defendant into possession of the property, thus identifying the premises. Under such circumstances, the defect in the description is cured. Keepers v. Yocum, 84 Kan. 554, 114 Pac. 1063, Ann. Cas. 1912A, 748, and case note.

It therefore becomes unnecessary for us to lay down any general rule as to the sufficiency of description of real estate, to authorize the specific performance of contracts for the sale thereof.

Counsel present under this assignment, two other points which were not presented to the court below, viz., that the complaint failed to state facts sufficient to constitute a cause of action, in that it fails to allege ownership by defendant of the property to be by him conveyed to the plaintiff, and that the incumbrance to be assumed by the defendant was not sufficiently described. It is apparent that these objections cannot be presented under this assignment. This assignment challenges the action of the court in overruling the demurrer. They cannot, therefore, be presented here under this assignment, because the court below decided no such question. If the objections are fatal to the complaint, as showing that it fails to state a cause of action, they could be presented under proper assignments, but not under this one.

[2] The second assignment goes to the point that parol proof was improperly admitted to identify appellant's property. As before seen, the testimony is not before us, but counsel seem to have overlooked this proposition entirely. For this reason the assignment is not well founded.

[3] The third assignment is to the point that, there being a failure in quantity of plaintiff's land traded to defendant (37½ acres instead of 40 acres), specific performance of the contract cannot be enforced. It is said in the brief of counsel that the real test in this regard is whether the defendant "intended that he was to get the

full 40 acres or whether he intended that he was to get the Armold Farms, irrespective of the amount of land they contained." Counsel seek to draw certain inferences from the testimony of the defendant to the effect that he bought by the acre, and that quantity was a part of the consideration to him. Of course, as before pointed out, this evidence is not before us. Even if it were true, the trouble with the contention is that the court found, in effect at least, exactly the opposite. The court found as follows:

> "(5) That the deal or agreement to exchange real estate, which resulted in the making of said written contract between the parties hereto, was initiated by the defendant W. J. Irwin, and was so initiated by the defendant W. J. Irwin requesting one W. A. Vickers, a real estate broker, to ascertain if the plaintiff would trade or exchange the Mundy tract of land, known as the Armold Farms, and being the tract of land described in finding numbered 1 of this opinion, for the tracts of land described in finding numbered 2 of this opinion, and requesting said W. A. Vickers to procure such trade or exchange if the same could be done.
>
> "(6) That the defendant W. J. Irwin knew or could have known the quantity and quality of the said Mundy tract of land owned by the plaintiff and known as the Armold Farms."

These show that the understanding of defendant, contrary to his assertions, was that he was to trade for plaintiff's tract of land, known as the Armold Farms, and that he knew, or could have known, its area and quality, and that he originated and sought the consummation of the trade. If defendant's understanding is to control the terms of the contract as to area, then the finding of the court defeats him as to this contention.

[4] The fourth assignment presents the proposition that it was error to award, by way of compensation, judgment to the plaintiff for $1,200, the admitted value of the piece of property which defendant could not convey.

The argument is that, in cases of exchange of real property, the courts never award compensation for partial failure to convey, but only so award compensation when there is an ordinary contract of sale and purchase at an agreed price.

Counsel cite and rely upon Sternberger v. McGovern, 56 N. Y. 12. The case is precedent for two propositions First, in cases of exchange of property, where the market value is not fixed by the contract, but rather a comparative value of the two pieces is fixed, and where defendant's title fails in that it is charged with an incumbrance not controllable by him, partial performance will not be decreed with compensation for the incumbrance; second, the dower right of the wife, who refuses to release the same, is an incumbrance of such a nature as not to be capable of valuation in money with justice to the parties, and, in such case, specific performance will be refused for that reason. The latter proposition is not involved in the case at bar. An examination of Sternberger v. McGovern, supra, will disclose, however, that it was the case of an exchange of one piece of property for another piece of property, and the defect in defendant's title (the dower right of the wife) attached to the whole estate. In that case the court, after referring to the claim of the plaintiff's counsel that plaintiff was entitled to specific performance, notwithstanding the circumstances, said:

> "Counsel cites numerous authorities showing that, when a vendor is unable to perfom the entire contract, the purchaser may, if he chooses, enforce performance of that part which the vendor can perform and recover compensation for the part unperformed. I have examined these and find that, in general, they are cases where there is a, failure of title in the vendor to a part of the premises agreed to be conveyed, and when a proper deduction from the purchase price can be ascertained and determined, so as to do complete justice between the parties in the case before the court. When this cannot be substantially done, it is obvious that specific perform-

ance ought not to be decreed, as this should be done only when the court can see that the ends of justice require it."

It thus appears that the court did not deny the right to substantial specific performance with compensation in cases of exchange of property. It held that it would be harsh and oppressive to award such relief under the facts in that case. Allen, J., in concurring in the result, expressly refused to decide that a contract of exchange was different from an ordinary contract of sale and purchase in this regard.

In the case at bar there is nothing before us showing that the value placed upon the property by the parties was anything but the market value. The plaintiff exchanged one piece of property valued at $12,000, subject to a mortgage of $3,800. The defendant exchanged two pieces of property, with a mortgage of $3,000 on one of them, which plaintiff assumed. There is nothing to indicate but that both properties were fairly valued, at the market value; that it was an even trade; and, if so, the two pieces which plaintiff was to get were worth $11,200. The title failed as to one piece of the property, and it was worth, as admitted by stipulation, $1,200, a trifle over one-tenth of the value of both pieces of property.

We know of no reason why the ordinary rules in regard to specific performance should not be applied to a contract of this kind. That a contract for exchange of real property may be specifically enforced, see 17 Cyc. 836; Union Pac. Ry. Co. v. McAlpine, 129 U. S. 305, 9 Sup. Ct. 286, 32 L. Ed. 673; Reynolds v. Franklin, 41 Minn. 279, 43 N. W. 53; Macdonald v. Bach, 51 App. Div. 549, 64 N. Y. Supp. 831; Te Poel v. Shutt, 57 Neb. 592, 78 N. W. 288; Swain v. Burnette, 76 Cal. 299, 18 Pac. 394.

In Te Poel v. Shutt, supra, an offer to perform is specifically held to be the equivalent of performance, and this is the general doctrine. 4 Pomeroy's Eq. Juris. § 1407. In Crocket v. Gray, 31 Kan. 346, 2 Pac. 809, the question was whether specific performance could be decreed; there being a homestead right, for the valuation

of which there was no measure furnished by the contract. The court held, per Brewer, Justice, that the location and valuation of the homestead should be ascertained by the lower court, and the plaintiff allowed compensation there-for. See, also, Rankin v. Maxwell, 2 A. K. Marsh, (Ky.) 488, 12 Am. Dec. 431, to the same effect.

We are aware that in many jurisdictions specific performance is denied, where there is a failure in quality of estate due to incumbrance in the form of homestead or dower rights, on the ground that the court cannot ascertain from the contract or otherwise, with justice to the parties, the proper allowance to be made by way of compensation to the plaintiff. But in a case like this, where the vendee having performed his part and seeking specific performance against vendor for all that the vendor can convey, with compensation, at the market value, for that which he cannot convey, we know of no reason, in principle or on authority, why the relief should not be awarded. In this connection it may be remarked that the rule is more liberal in favor of vendees than vendors. The latter must bring themselves substantially within the letter of their contracts before they can demand specific performance. Vendees, however, may demand less than the contract calls for, and may take compensation for the part the vendee cannot convey. There is a plain reason and justice in this distinction. The vendee, in such case, is demanding no more than the vendor has promised. The vendor, if he substantially fail, cannot perform on his part, and, of course, cannot compel his vendee to accept less than he is entitled to. See 6 Pomeroy's Eq. Juris., sec. 833; also Clarke v. Reins, 12 Gratt. (Va.) 98. 113.

[5] Counsel submit the evidence contained in the bill of exceptions in support of the sixth assignment of error, but, as the bill of exceptions is not before us, we cannot consider this assignment.

For the reasons stated, the decree of the lower court will be affirmed; and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.