Nickle v. Coulter, 22 N. M. 105.

[No. 1806, July 27, 1916.]
[Rehearing denied July 31, 1916.]
## NICKLE v. COULTER.

### SYLLABUS BY THE COURT.

1. Where the findings of the trial court are supported by substantial evidence, they will not be disturbed on appeal.

P. 106

2. Under the express provisions of Code 1915, § 3328, a contractor may recover on a lien filed by him only such amount as may be due him according to the terms of his contract.

P. 107

Error to District Court, Colfax County; Abbott, Judge.

Action by R. W. Nickle against Clara E. Coulter. Judgment for defendant, and plaintiff brings error. Affirmed.

L. S. WILSON of Raton, for plaintiff in error.

MORROW & ALFORD of Raton and E. P. DAVIES of Santa Fé, for defendant in error.

### STATEMENT OF FACTS.

This is an action to foreclose a mechanics' lien, which is based upon an alleged verbal contract for the construction of a roof upon a barn of the defendant's for the alleged sum of $57. The defense to the action is that the contract price was the sum of $31, and not the amount set out in the lien statement. The court found the facts in favor of the defendant, and gave judgment discharging the lien, from which judgment this appeal is prayed.

### OPINION OF THE COURT.

HANNA, J.—The one essential question for our determination in this case is whether the finding of the trial court as to the amount of the contract is supported by the evidence. The defendant, Clara E. Coulter, testified

that the plaintiff came to her as a representative of the insurance company, for the purpose of making an estimate as to the damage done by fire to the roof of the barn in question; that after an examination he told her the damage was $15, but that other repairs were needed, and that he would put a new roof upon the barn for the additional sum of $16, furnishing labor and materials. She and her mother were present at the time and testified that the whole amount to cover the work in question was $31. The plaintiff testified that he would put in a bill or claim against the insurance company, and would put on a new roof for $16 over and above what this claim would be; that he did not know what the claim would be at the time, and that no definite amount was mentioned at the time; that he put in a bill or claim against the insurance company for $41, which amount was subsequently paid to the defendant, and that when the work was completed, he presented the defendant with a bill for the sum of $57 upon his view of the understanding that he was to have the amount paid by the company, plus $16, as compensation for his labor and the furnishing of the materials.

[1] The court found that the contract for the work, labor, and materials was $31, and not $57. This finding would seem to be supported by substantial evidence, and under the ruling of Fullen v. Fullen, 153 Pac. 294, and numerous other decisions of this and the Territorial Supreme Court, to the effect that where the findings of the trial court are supported by substantial evidence, they will not be disturbed on appeal, we must decline to sustain the attack upon the finding in question.

A novel contention is made, however, by the plaintiff in error, substantially to the effect that, even though the finding be supported by the evidence of the witnesses for the defendant in error, yet, because the plaintiff has testified that he was to receive the amount of $16, and the amount received from the insurance company for the fire loss, which testimony is claimed to be undisputed, that the court should have held that a mistake existed as to the terms of the contract, and that, there being no decep-

tion, the court should have found for plaintiff under the rule laid down in Mundy v. Irwin, 20 N. M. 43, 145 Pac. 1080. In that case the court pointed out that the understanding of defendant was that he was to trade for plaintiff's tract of land, known as the "Arnold Farms," and that he knew, or could have known, its area and quantity, for which reason he could not be heard to complain when it subsequently appeared that the actual area was not what he had understood. In other words, he contracted for a specific tract of land, without definition as to quantity, and it is contended that the same situation exists in the case at bar, because the parties contracted to give and receive the amount of money to be derived from the insurance company, plus the sum of $16. We doubt not that this was the understanding of the plaintiff, but the difficulty with the situation here is that we have in the record the positive testimony of the defendant and at least one of her witnesses that there was a definite agreement and understanding to do the work for the sum of $31, which evidence supports the finding of the trial court that the contract between the parties was for the sum mentioned, namely, $31.

[2] Under the provisions of section 3328, Code of 1915, a contractor is entitled to recover upon a lien filed by him only such an amount as may be due him according to the terms of his contract. And, the court having found against the contentions of plaintiff in error, as to the terms of the contract, this court, for the reasons stated, cannot disturb the finding, and must therefore affirm the judgment of the district court; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.

---

[No. 1857, June 27, 1916.]
[On Motion for Rehearing, August 9, 1916.]

#### SYLLABUS BY THE COURT.

