[Civ. No. 355. Fourth Appellate District.—March 20, 1931.]

A. T. HAMMONS, Appellant, v. W. J. CROZIER et al., Respondents.

Frank G. Falloon for Appellant.

Hibbard & Kleindienst and Herbert Cutler Brown for Respondents.

BARNARD, P. J.—A. T. Hammons, superintendent of banks of the state of Arizona and *ex-officio* receiver and in charge of the Bank of Winslow, an insolvent banking corporation of the state of Arizona, brought this action against these defendants residing in the state of California, for the purpose of enforcing and collecting their "double liability" as stockholders of the Bank of Winslow. Before trial, the action was dismissed as to certain of the defendants. Defendants Brown, Moritz and Zwickey defaulted. Issue was joined by defendants Crozier, Smith, Tuttle and Ensign, and after trial the court entered a jugment that the plaintiff take nothing as against any answering defendant; and further, that the plaintiff take nothing as against any defaulting defendant. From this judgment the plaintiff has appealed upon the judgment-roll alone.

Appellant first urges in his opening brief that he is entitled to a judgment against the defaulting defendants. Whether or not this is so depends upon whether the complaint states a cause of action. (*Swain* v. *Burnette*, 76 Cal. 299 [18 Pac. 394].) In his reply brief, appellant calls attention to the fact that the Supreme Court of Arizona, in the case of *Dagg* v. *Hammons*, 34 Ariz. 445 [272 Pac. 643], an action involving the same bank and the same principles of law as are here involved, decided that there was no cause of action against the stockholders of this bank until the degree of insolvency was judicially determined in the Superior Court of Arizona, in order to determine what percentage of liability is to be called for from the stockholders.

Appellant then admits that this action was prematurely brought, having been commenced before any such judicial determination of the degree of insolvency. In view of this decision of the Supreme Court of Arizona, it appears from the record that the complaint in this action fails to state a cause of action, and no reason appears for reversing that portion of the judgment referring to the defaulting defendants.

Not only does the same situation appear as to the answering defendants, but the record also shows that the trial court found that the defendants Tuttle, Smith and Crozier were not stockholders in said bank at the time it became insolvent and have never at any time been such stockholders. This appeal being taken upon the judgment roll alone, this finding of the trial court must be taken as conclusive.

In reference to the defendant Ensign, the court found that he was the owner of ten shares in the Bank of Winslow at the time it became insolvent, but that said ten shares were acquired by him prior to January 1, 1912. In *Dagg* v. *Hammons, supra,* the Supreme Court of Arizona held that under the Constitution and laws of the state of Arizona, the double liability of a stockholder in the particular bank which is involved in this proceeding, does not apply to any stock which was originally issued before the year 1912 or to any reissue thereof. Under the facts found herein, the portion of the judgment referring to the answering defendants was therefore correct.

For the reasons given, the judgment is affirmed.

Jennings, J., and Lamberson, J., *pro tem.,* concurred.