[L. A. No. 17908.   In Bank.   July 10, 1942.]

CURTIS E. MILLER et al., Appellants, v. MABELLE M. DYER et al., Respondents.

John A. Jorgenson for Appellants.

Howard F. Shepherd and Harvey, Rimel & Harvey for Respondents.

TRAYNOR, J.—In this action for specific performance of a contract for the exchange of real property and for damages occasioned by delay in performance, the trial court sustained general and special demurrers to the second amended complaint with leave to amend. Plaintiffs have appealed from judgments of dismissal entered upon their refusal to amend.

The complaint sets forth the following allegations: Defendant Mabelle Dyer agreed by written contract to pay the plaintiffs $250, to convey to them certain real property that she owned, to negotiate a loan of $2,000 on a parcel of realty owned by defendants Hector and Elizabeth Dyer, and to transfer both the amount of the loan and the realty to plaintiffs in return for a conveyance to her of certain real property owned by one of the plaintiffs. The value of the latter property approximates that of the properties and the cash that she was to transfer to them. Mabelle Dyer at the same time entered into a written contract with Hector and Elizabeth Dyer whereby the latter agreed to convey to her their real property, and she agreed to pay for it by executing and delivering to them a $3,000 trust deed on the property that she was to receive from plaintiffs. Appropriate deeds were deposited in escrow including one executed and delivered by Hector and Elizabeth Dyer "with the intention of passing title" to their property to Mabelle Dyer. The escrow clerk, however, returned that deed to Hector Dyer for a clerical correction without the knowledge or consent of plaintiffs. Mabelle Dyer obtained a loan of $2,000 from the defendant Laguna Federal Savings and Loan Association secured by a trust deed on the property. The lender required, however, that $500 of the loan be deducted and retained to cover the cost of repairs it deemed necessary. Mabelle Dyer agreed orally with the plaintiffs to make up the deduction in cash. The balance of the loan was transmitted to the defendant Title Insurance & Guarantee Company to be held by it for the parties entitled thereto upon the completion of the entire transaction. Defendants Mabelle, Hector, and Elizabeth Dyer have repudiated the transaction. Hector and Elizabeth Dyer refuse to redeliver their deed in escrow and Mabelle Dyer has instructed the title company not to pay to plaintiffs the loan funds it has on hand. The title company and the loan association claim to have an interest in the property adverse to plaintiffs.

In support of their general demurrers respondents contend that the complaint fails to state a cause of action against Mabelle Dyer since it shows that she has no title to the land she contracted to convey and that she cannot perform her agreement to borrow $2,000 on the property and pay that sum to plaintiffs. If the vendor has no title or interest in the land that he contracts to convey he will not be required specifically to perform. The decree would be of no avail for

equity will not compel him to obtain title. (*Title Guarantee etc. Co.* v. *Henry*, 208 Cal. 185 [280 Pac. 959]; *Smith* v. *Bangham*, 156 Cal. 359 [104 Pac. 689].) If, however, the vendor is the equitable owner and has the right to call for the legal title, specific performance will be decreed at the suit of his vendee. (*Farnum* v. *Clarke*, 148 Cal. 610 [84 Pac. 166]; *Easton* v. *Montgomery*, 90 Cal. 307 [27 Pac. 280, 25 Am. St. Rep. 123]; *M'Donald* v. *Yungbluth*, 46 Fed. 836; *Miedema* v. *Wormhoudt*, 288 Ill. 537 [123 N. E. 554]; *Cutler* v. *Lovinger*, 212 Mich. 272 [180 N. W. 462]. See, also, Pomeroy, Specific Performance of Contracts, 3d ed., p. 667). When Hector and Elizabeth Dyer agreed to convey their real property to Mabelle Dyer, and deposited the deed to such property in escrow, "with the intention of passing title," Mabelle Dyer became the equitable owner of the land and Hector and Elizabeth Dyer held the legal title in trust for her as purchaser. (*Keese* v. *Beardsley*, 190 Cal. 465 [213 Pac. 500, 26 A. L. R. 1538]; *Jackson* v. *Torrence*, 83 Cal. 521 [23 Pac. 695]; *Gilbert* v. *Sleeper*, 71 Cal. 290 [12 Pac. 172].) Mabelle Dyer could convey that equitable interest or title, (*Rogers Etc. Co.* v. *Southern California Etc. Co.*, 159 Cal. 735 [115 Pac. 934, 35 L. R. A. (N. S.) 543]; *Easton* v. *Montgomery*, *supra*), and she can be compelled to do so in this action for specific performance.

Mabelle Dyer's inability to convey to plaintiffs complete title to the land that she contracted to purchase from Hector and Elizabeth Dyer, and her inability to transfer to plaintiffs the entire proceeds of the loan would prevent her from specifically enforcing her contract with plaintiffs since a vendor may not force a defective title on an unwilling purchaser or compel performance while conditions precedent to his recovery remain for him to perform. (Civ. Code §§ 3394, 3392. See, also, 23 Cal. Jur. 474). She cannot, however, defend this action on the ground that her title is not so complete as the one she agreed to convey. If the vendor has any interest in the property that he has contracted to convey, the vendee, at his option, may enforce the contract with respect to whatever interest the vendor possesses, and may also receive compensation for the deficiency in performance. (*Smiddy* v. *Grafton*, 163 Cal. 16 [124 Pac. 433, Ann. Cas. 1913 E. 921]; *Farnum* v. *Clarke*, *supra*; *McCowen* v. *Pew*, 147 Cal. 299 [81 Pac. 958]; *Easton* v. *Montgomery*, *supra*; *Swain* v. *Burnette*, 76 Cal. 299 [18 Pac. 394]; *Marshall* v.

*Caldwell,* 41 Cal. 611. See, also, Pomeroy, Specific Perform-ance of Contracts, 3d ed., p. 900). In *Linehan* v. *Devincense,* 170 Cal. 307 [149 Pac. 584], the vendee failed to show an existing contract and his unexplained laches precluded any right to specific performance. The statement in the opinion that ''as she [the vendor] could not have compelled specific performance of the contract, so specific performance may not be enforced against her . . . [citing Civ. Code § 3386]'' was not necessary to the decision of the case, and is without support in the authorities. It is therefore disapproved by our decision herein. ▮ Section 3386 of the Civil Code, which states that ''Neither party to an obligation can be compelled spe-cifically to perform it, unless the other party thereto has per-formed, or is compellable specifically to perform, everything to which the former is entitled under the same obliga-tion . . .'' codifies the rule of mutuality of remedy that was well established in equity jurisprudence at the time of the adoption of the code. (See, 23 Cal. Jur. 448.) That rule was never considered applicable where the unavailability of the remedy to the party against whom relief was sought resulted from his own default. (*Smiddy* v. *Grafton, supra; Farnum* v. *Clarke, supra; McCowen* v. *Pew, supra; Easton* v. *Mont-gomery, supra; Swain* v. *Burnette, supra; Marshall* v. *Cald-well, supra; Armstrong* v. *Sacramento V. R. Co.,* 52 Cal. App. 110 [198 Pac. 217]. See, also, 28 Cal. L. Rev. 503; 16 Cal. L. Rev. 541; Pomeroy, Specific Performance, 3d ed., p. 903 (1926); 2 Story, Equity Jurisprudence, 4th ed., p. 457 (1918)).

▮ It is contended that the complaint fails to state a cause of action against Hector and Elizabeth Dyer since they were not parties to the contract that plaintiffs seek specifically to enforce. They hold the legal title to the land sought to be conveyed, however, as trustees for Mabelle Dyer. Since the latter may be compelled to convey her equitable interest in the land to plaintiffs and since equity avoids circuity of action, Hector and Elizabeth Dyer may be compelled to con-vey the legal title to them. (*M'Donald* v. *Yungbluth, supra; Miedema* v. *Wormhoudt, supra;* see 33 Harv. L. Rev. 822.)

▮ It is also contended that the complaint fails to state a cause of action against the title company and the loan asso-ciation. The title company holds the proceeds of the loan for the benefit of the party entitled thereto upon the completion of the transaction. The loan association made the loan, trans-

mitted the proceeds to the title company, and received a trust deed on the land involved. The asserted adverse interests of both defendants in the property arose out of transactions with the principal defendant, Mabelle Dyer, concerning her contract with the plaintiffs. Those interests must be determined to give plaintiffs proper relief and to avoid circuity of action.

■ The special demurrer of defendants title company and loan association on the grounds of misjoinder of parties defendant and of improper uniting of several causes of action fails to specify wherein the alleged misjoinder exists. (*Healy* v. *Visalia & T. R. Co.*, 101 Cal. 585 [36 Pac. 125].) ■ The special demurrer of defendants Dyer on the ground that causes of action for specific performance and for breach of an agreement to convey real property have been united improperly fails to take into account that the repudiation of the contract gave rise to a single cause of action regardless of the remedies available to plaintiffs. (*Abbott* v. *76 Land & Water Co.*, 161 Cal. 42 [118 Pac. 425]; *San Diego Water Co.* v. *San Diego Flume Co.*, 108 Cal. 549 [41 Pac. 495, 29 L. R. A. 839].) ■ The contention that the alleged cause of action is barred by the provisions of subdivision 4 of section 1624 of the Civil Code because a part of the alleged agreement for the exchange of real property was not in writing is untenable. The fact that Mabelle Dyer's supplementary oral agreement to make up in cash the amount of the loan deducted by the lender may be unenforceable does not prevent enforcement of the written contract. (See cases cited in 12 Cal. Jur. 925.)

The judgments are reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Carter, J., concurred.