[Civ. No. 9390. Third Dist. Apr. 10, 1958.]

THEODORE RUPLEY et al., Appellants, v. LEONARD HUNTSMAN et al., Respondents.

H. D. Jerrett for Appellants.

Keith, Creede & Sedgwick and Cavan Hardy for Respondents.

SCHOTTKY, J.—Plaintiffs above named have appealed from a judgment entered in favor of defendants after defendants' demurrer to plaintiffs' second amended complaint was sustained with leave to amend and plaintiffs had elected to stand on their complaint. Plaintiffs also appeal from a ruling of the trial court denying their motion for an order declaring defendants in default and guilty of laches, from the order of the court sustaining the demurrer to the second amended complaint, and from an order of the court denying plaintiffs' motion to set aside and vacate the judgment.

The second amended complaint alleged in substance that defendants Leonard and Donald Huntsman were engaged in the business of tree felling, and that on August 8, 1952, a tractor belonging to plaintiffs was damaged when a tree fell

on it, said damage being caused by the negligence of defendants Huntsman; that said defendants were fully covered by liability insurance with defendant California Compensation and Fire Company "and that said policy inured to the benefit of the public including the plaintiff herein"; that plaintiffs made repeated demand on said defendants, and each of them, for payment of said damage, the first demand being made within 20 days after the damage occurred. Said complaint alleged further:

That Anderson and Mayer, agent of defendant insurance company, wrote plaintiffs' attorney, on August 19, 1953, a letter in which it was stated that they could not discuss plaintiffs' claim further until the personal injury features of the case had been disposed of, the letter concluding as follows: "It is impossible for us to advise you at present just when we could entertain disposition of your claim and can only state that at the time that the claim of Mr. Green is disposed of we will then be glad to consider Rupley Brothers claim." That on November 27, 1953, the said agent of defendant insurance company again wrote plaintiffs' attorney that the personal injury action was at issue but that no settlement had been reached, the letter concluding as follows: "Because of these circumstances our principal will not be able to accommodate you with respect to your property damage claims and have requested that we do advise you." That on June 8, 1955, plaintiffs' attorney wrote to defendant insurance company, stating that he had been informed that the personal injury action had been settled out of court and that plaintiffs were preparing to immediately file suit on their claim, the letter concluding as follows: "I understand your attention has heretofore been called to this claim, and demand made, by Anderson & Mayer, General Insurance Adjusters, Sacramento, California, and others, and therefore, I feel it only proper to again bring to your attention the matter of the claim of the Rupley Bros., etc. against the insured, before filing the action mentioned above." That on June 29, 1955, the insurer's agent requested appellants' attorney to communicate with him. That the matter was discussed with the agent who told the attorney that the insurer was ready to take up the claim but it was necessary to have the invoices for the work done on the tractor in order to make a settlement. That the invoices were delivered to the agent on August 9, 1955, at which time the agent stated "that he would forward them on to the said Insurance Company . . . and it was possible he would have

a reply when he returned from his vacation, and that by said declarations of assurance so made by said agent . . . and as understood by plaintiff, and intended by said agent to be understood, the plaintiff was thereby induced to forbear to sue, upon said claim until the happening of said event, . . .'' That on August 22, 1955, plaintiffs' attorney called the agent of defendant insurance company and was informed by said agent "that said defendant Insurance Company had refused to consider said claims on the ground that said claim was barred by the statute of limitations; and that while he, said agent, considered it a rotten deal and there was nothing he could do about it.''

All of the defendants joined in a demurrer to the second amended complaint, the grounds stated being:

"I. The complaint does not state facts sufficient to constitute a cause of action against California Compensation & Fire Company, a corporation.

"II. The complaint contains several causes of action not separately stated.

"III. The complaint does not state facts sufficient to constitute a cause of action against Leonard Huntsman and Donald Huntsman, individually and doing business as Huntsman Brothers, and California Compensation & Fire Company, a corporation, in this, that it affirmatively appears therefrom that said causes of action are barred by the provisions of Section 338 of the Code of Civil Procedure.''

The chief question to be determined upon this appeal is the propriety of the ruling of the trial court in sustaining the demurrer.

The trial court did not indicate its reason for sustaining the demurrer, and the rule that where a trial court sustains a demurrer which is made on several grounds and the trial court does not specify its reason the ruling of the trial court will be sustained if the demurrer was well taken on any grounds, is applicable. (*Stowe* v. *Fritzie Hotels, Inc.*, 44 Cal. 2d 416, 424 [282 P.2d 890] ; *Moxley* v. *Title Ins. & Trust Co.*, 27 Cal.2d 457, 462 [165 P.2d 15, 163 A.L.R. 838].)

The first ground of the demurrer was that the complaint did not contain sufficient facts to constitute a cause of action against the defendant insurance company. The complaint alleged that the insurer had issued its insurance policy insuring the respondents Huntsman for damage to property and "that said policy of insurance inured to the

benefit of the public including the plaintiff herein.'' The exact terms of the policy are not shown by the complaint.

The California rule is that in order for one to have a direct cause of action against an insurer an intent to make an obligation inure to the benefit of a third party must clearly appear, and if there is any doubt it should be construed against such intent. (*Chamberlain* v. *City of Los Angeles,* 92 Cal.App.2d 330 [206 P.2d 661] ; *Van DerHoof* v. *Chambon,* 121 Cal.App. 118, 131 [8 P.2d 925].) In the absence of such provision in the policy or an ordinance pursuant to which the policy is issued making the policy inure to the benefit of a third party it is a condition precedent to any action against the insurance company that a final judgment be obtained against the assured. (See cases cited above.) However, the specific ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action against defendant insurance company. As stated in 39 California Jurisprudence 2d, page 198:

''A general demurrer does not lie therefore, when the necessary facts are shown to exist, although they may be stated imperfectly, inaccurately, or ambiguously, or may appear by necessary implication only. Similarly, a complaint is not insufficient as against a general demurrer because essential facts appear only inferentially, as conclusions of law, by way of recital, or as informal and argumentative allegations.''

The complaint here involved did allege that the policy of insurance ''inured to the benefit of the public including plaintiff herein.'' While a special demurrer on the ground that this allegation was uncertain in that it did not appear how or in what manner the policy inured to the benefit of plaintiff would have been a good ground of demurrer, we do not believe that the general demurrer of the defendant insurance company was good.

The second ground of the demurrer was that several causes of action were not separately stated. It does not specify wherein the alleged error exists. It is error to sustain a special demurrer unless it spells out where the objection exists. (*Miller* v. *Dyer,* 20 Cal.2d 526, 531 [127 P.2d 901, 141 A.L.R. 1428] ; *Coons* v. *Thompson,* 75 Cal.App.2d 687 [171 P.2d 443].) As stated in *Coons* v. *Thompson, supra,* at page 689:

'' A special demurrer to a pleading upon the ground that several counterclaims have been improperly joined and not separately stated is insufficient unless the demurrer specifies

wherein the alleged misjoinder exists. (See *Miller* v. *Dyer,* 20 Cal.2d 526, 531 [127 P.2d 901, 141 A.L.R. 1428] ; *Healy* v. *Visalia & Tulare R. R. Co.,* 101 Cal. 585, 593 [36 P. 125].) "

 The third ground of demurrer was that the complaint affirmatively shows on its face that the cause of action is barred by the statute of limitations. (Code Civ. Proc., § 338.) This ground is good unless the complaint alleges sufficient facts to constitute an estoppel. The principle of estoppel is : "One cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought." (*Carruth* v. *Fritch,* 36 Cal.2d 426 [224 P.2d 702, 24 A.L.R.2d 1403], 24 A.L.R.2d 1413, 1420 et seq. See also *Farrell* v. *County of Placer,* 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323].)

"It is well settled that where delay in commencing an action is induced by the conduct of the defendant, he cannot avail himself of the defense of the statute [of limitations]." (*Gaglione* v. *Coolidge,* 134 Cal.App.2d 518 [286 P.2d 568].) And as stated in *Industrial Indemnity Co.* v. *Industrial Acc. Com.,* 115 Cal.App.2d 684, at page 689 [252 P.2d 649] :

"The equitable doctrine of estoppel *in pais* is applicable in a proper case to prevent a fraudulent or inequitable resort to the statute of limitations. [Citations.] A person by his conduct may be estopped to rely on the statute. Where the delay in commencing an action is induced by the conduct of the defendant, it cannot be availed of by him as a defense. [Citations.] When the act or promise of one causes another to do or forbear to do something which he otherwise would have done, the other is estopped from taking advantage of the act or omission caused by his own act or promise. [Citations.] One cannot justly or equitably lull his adversary into a false sense of security, and thereby cause him to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his conduct as a defense to the action when brought. (*Carruth* v. *Fritch,* 36 Cal.2d 426, 433 [224 P.2d 702].) "

Estoppel is a question of fact and the question that we must determine is whether or not plaintiffs have alleged facts which would be sufficient to support a finding of estoppel by a trier of facts.

 We have hereinbefore stated the substance of the allegations of the second amended complaint. These allegations show that following damage to plaintiffs' tractor, plaintiffs made demand upon each of the defendants for payment of the damages to the tractor; that thereafter, on August 19, 1953, the agent of defendant insurance company informed plaintiffs that as soon as the personal injury feature of the case had been disposed of they would be glad to consider plaintiffs' claim; that on November 27, 1953, the agent of defendant insurance company wrote plaintiffs' attorney that the personal injury action had not yet been disposed of and that "Because of these circumstances our principal will not be able to accommodate you with respect to your property damage claims and have requested that we advise you''; that on June 8, 1955, plaintiffs' attorney wrote defendant insurance company stating that he had been informed that the personal injury action had been settled, and that plaintiffs were preparing to immediately file suit; that on June 29, 1955, the insurer's agent requested appellants' attorney to communicate with him; that the matter was discussed with the agent who told the attorney that the insurer was ready to take up the claim but it was necessary to have the invoices for the work done on the tractor in order to make a settlement; that the invoices were delivered to the agent on August 9, 1955, at which time the agent stated "that he would forward them on to the said Insurance Company, . . . and it was possible he would have a reply when he returned from his vacation, and that by said declarations of assurance so made by said agent . . . and as understood by plaintiff, and intended by said agent to be understood, the plaintiff was thereby induced to forbear to sue, upon said claim until the happening of said event . . .''; that on August 22, 1955, plaintiffs' attorney called the agent of defendant insurance company and was informed by said agent "that said defendant Insurance Company had refused to consider said claims on the ground that said claim was barred by the statute of limitations; and that while he, said agent, considered it a rotten deal and there was nothing he could do about it.''

We think that the complaint, as against a general demurrer, does allege facts sufficient to make the question of estoppel an issue of fact to be decided by the trier of facts. It is a reasonable inference from the facts alleged that the agent of defendant insurance company was also acting as the agent for defendants Huntsman. Demand was made by plaintiff

upon defendants Huntsman and thereafter the agent of that insurance carrier, defendant insurance company, began negotiating with plaintiffs' attorney as hereinbefore set forth. From these letters and statements, together with the allegation that "by said declarations of assurance so made by said agent . . . and understood by plaintiff, and intended by said agent to be understood, plaintiff was induced to forbear to sue upon said claim" until the three year period expired, we believe that the complaint did allege sufficient facts for the application of the doctrine of estoppel. We therefore conclude that the court erred in sustaining the demurrer to the second amended complaint.

Appellants also contend that the trial court erred in denying their motion for an order declaring respondents guilty of laches. This motion was based on the fact that respondents did not seek a judgment promptly after appellants chose to stand on their second amended complaint. There is no merit in this contention.

Likewise, there is no merit in plaintiffs' contention that the court erred in entering the judgment of dismissal because only eight days' notice of the motion for entry of judgment was made. After a demurrer is sustained with leave to amend, and the plaintiff fails to amend within the specified time, no formal motion to dismiss the action is necessary. The entry of a judgment follows as a matter of course. (*Michaels* v. *Mulholland*, 115 Cal.App.2d 563 [252 P.2d 757].)

No other points raised require discussion.

The appeal of plaintiffs from the order sustaining the demurrer to the second amended complaint and from the order denying plaintiffs' motion to declare defendants in default for laches in not seeking entry of judgment promptly is dismissed, said orders being nonappealable.

The judgment of dismissal is reversed with directions to the trial court to overrule the demurrer to the second amended complaint.

Van Dyke, P. J., and Peek, J., concurred.