In the Matter of the Application of DANIEL G. ALBERT, Petitioner, for an Order Directing WILLIAM I. SPIEGELBERG, JR., and Others to Proceed with Arbitration, etc.

Supreme Court, New York County, December 5, 1932.

*Wiseman & Lazar*, for the petitioner.

*Guggenheimer, Strasser & Meyer* [*Richard S. Joseph* of counsel], for the respondents.

WASSERVOGEL, J. Petitioner moves for an order to compel respondents to proceed with the arbitration of a controversy which has arisen between the parties and to accept as an arbitrator one Weller, an attorney at law and an office associate of petitioner. By agreement between the parties it is provided: " Any controversy arising between us shall be determined by arbitration *pursuant to the Arbitration Law of the State of New York*, and under the rules of either the Arbitration Committee of the Chamber of Commerce of the State of New York, or of the Arbitration Society of America, or of the Arbitration Committee of the New York Stock Exchange, as I may elect. *Any arbitration hereunder shall be before at least three arbitrators.*"

The petitioner elected that the arbitration was to proceed under the rules of the arbitration committee of the Chamber of Commerce of the State of New York. Respondents accepted this suggestion. They object, however, to Mr. Weller as an arbitrator because he is an office associate of petitioner.

While the rules of the Chamber of Commerce do not restrict petitioner in the choice of an arbitrator, I cannot agree with the contention of petitioner as set forth in the petition, that " he is entitled to choose whomsoever he may desire as an arbitrator regardless of his partiality or impartiality."

Section 1452 of the Civil Practice Act requires that " Before hearing any testimony, arbitrators selected either as prescribed in this article *or otherwise must be sworn*, by an officer authorized by law to administer an oath, *faithfully and fairly to hear and examine the matters in controversy and to make a just award according* to the best of their understanding. * * *"

" It was the duty of each [arbitrator] to act, not as a special representative of either party to the controversy, but to sit in judgment upon the matter submitted to them and impartially and fairly determine that question, regardless of how the result thereof might affect either party interested." (*Scholz* v. *Mills*, 176 Mo. App. 352, 374.)

In the case of *Wheeling Gas Co.* v. *City of Wheeling* (5 W. Va. 448, 494) it was held: " And though therefore, arbitrators be nominated one by each party, still they are not to consider themselves as representing separate parties, and the advocates of opposite sides, but as called in to execute a joint trust, and to look impartially at the true merits of the matter submitted to their judgment. *Under no circumstances can an arbitrator become an advocate.* He is always bound to exercise the highest degree of judicial impartiality, without the slightest regard to the manner in which the charge has been placed upon him."

Without desiring in any way to reflect upon the person selected by the petitioner as a proposed arbitrator, it seems to me that because of his close association with petitioner, he is disqualified and respondents should not be compelled to accept him. Motion granted to the extent of directing respondents to proceed with the arbitration in accordance with the rules of the Chamber of Commerce of the State of New York upon condition that within ten days petitioner submit the name of a new arbitrator instead and place of the one objected to. Settle order.