EMPIRE PLEXIGLASS CORP., Landlord, v. LEVITT CORP., Tenant.

Municipal Court of the City of New York, Borough of The Bronx, February 24, 1948.

*Samuel Pecker* and *John F. Wilkinson* for landlord.
*Julius D. Freilicher* for tenant.

LORETO, J. This is a summary proceeding for the nonpayment of rent for commercial space. The petition alleges that the rent was fixed by arbitration. The tenant's answer sets forth several separate defenses and a counterclaim for $34,000 representing damages resulting from an alleged partial eviction and the landlord's alleged failure to supply heat as required by lease between the parties.

Only one separate defense pleaded need be considered for its determination will be dispositive of the petition. That defense is to the effect that the arbitrator selected was disqualified and hence the arbitration was void.

The undisputed fact is that the arbitrator was the husband of the law assistant to the attorney for the landlord. It does not appear that knowledge of such relationship of the arbitrator was known to the landlord or to the lessee, the tenant herein being the latter's assignee. Nor has any reflection been cast upon the integrity of the arbitrator, his wife or the attorney for the landlord. And the record is totally devoid of any proof of actual bias, prejudice or corruption by the arbitrator.

The defense therefore presents this question — Was the arbitrator disqualified to act as a matter of law? And the further question, may a successor to one of the original parties to the arbitration, successfully urge such a defense?

In determining the first question, consideration should be given to any applicable statute and to the general body of common law. The Commercial Rent Law contains a pertinent section referable to arbitration. Section 16 (as added by L. 1946, ch. 272, § 4, as amd.) provides: "Neither the oath of any arbitrator, nor any hearing provided for under such article shall be waived, nor shall any person act as any such arbitrator who directly or indirectly in any way shall be connected or associated in interest or otherwise with the landlord or the tenant, and no arbitration agreement shall be submitted to the supreme court unless the application be accompanied by an affidavit of the arbitrator or arbitrators showing strict compliance with this requirement and by a transcript of the minutes of such hearing."

What is objectionable interest of the arbitrator, it is evident, cannot always be readily ascertained merely by reference to the act. In such an instance, resort must be had to the common law. This is such a case.

A desirable approach to the problem then is by a consideration of the capacity in which the arbitrator acts and the qualifications he must possess. Although not *eo nomine* judges, in

fact they are judges. That an arbitrator acts in a quasi-judicial capacity and should possess the judicial qualification of fairness to both parties so that he may render a faithful, honest and disinterested opinion, is well settled. (*Matter of Friedman*, 215 App. Div. 130, 134.) The relationship or interest which would bar a judge from sitting in trial of a case would likewise in principle and policy debar an arbitrator. All refinements and applications of this rule spring from the earliest concept of fairness that no one should sit in judgment of his own cause (*Matter of Dodge & Stevenson Mfg. Co.*, 77 N. Y. 101; Judiciary Law, § 15). The relationship of the judge to the parties or his interest in the suit, which should prevent him from sitting, necessarily will vary with each case.

There are instances where his disqualification may be based on implied bias (*Matter of Knickerbocker Textile Corp.* [*Sheila-Lynn, Inc.*], 172 Misc. 1015, 1022, 1023; *Wilcox* v. *Supreme Council of Royal Arcanum*, 210 N. Y. 370, 380). Such was the interpretation of the holding in *People ex rel. Meads* v. *McDonough* (8 App. Div. 591) where the brother of the complainant as one of the trial committee of a membership organization was held disqualified. In the latter case the court stated (p. 602) " The common judgment of mankind is that a brother would not be impartial in such a contingency, no matter how hard he strove to do his duty."

An attorney at law and office associate of one of the parties to an arbitration has been held disqualified to act as arbitrator (*Matter of Albert* v. *Spiegelberg*, 146 Misc. 811).

The assailed relationship of the arbitrator at bar is not too removed from that found in the last two cited cases. It bears a resemblance to both. The attorney for the landlord and his law associate would be disqualified to act as arbitrator. And in principle and policy it must be held that the spouse of such attorney or law associate must suffer a like disqualification. This is the consequence where such relationship is unknown. " It is enough that such a circumstance did exist." (*Matter of Knickerbocker Textile Corp.* [*Sheila-Lynn, Inc.*], *supra*, p. 1023, quoting from *Kemp* v. *Rose*, 1 Giff. 258, 265; 65 Eng. Rep. 910, 913.)

For a known interest or relationship does not disqualify and objection may only be taken for the failure of the arbitrator to proceed with indifference and impartiality (*Matter of American Eagle Fire Ins. Co.*, 240 N. Y. 398, 405).

Now turning to the second question whether the challenge of the disqualification of the arbitrator is available to the succes-

sor in interest to one of the original parties thereto. The Commercial Rent Law declares void and illegal any waiver of its provisions (§ 12, added by L. 1945, ch. 315, § 3, as amd.). Such waiver void in origin does not become legal by reason of subsequent assignment. And irrespective of statute, it has been held that when the arbitrator is disqualified to act " * * * every proceeding before him thenceforward " is void (*Matter of Friedman, supra,* p. 135). The court is accordingly constrained to dismiss the petition.

The counterclaim is also dismissed. Although this court may not entertain a counterclaim in excess of $1,000 whether asserted in a summary proceeding or otherwise (*2535 – 7th Ave. Corp.* v. *Knight,* 260 App. Div. 733), it finds that on the merits that no actionable damage has been proved. Moreover, the determination that the arbitration and lease are invalid will preclude the assertion of any claims thereunder by both parties.