In the Matter of the Arbitration between TRIANGLE LINEN SERVICE, INC., and M. & M. CANDY LUNCH.

In the Matter of the Arbitration between CADET LINEN SERVICE CORP. and AL's CAFE.

Supreme Court, Special Term, New York County, December 16, 1948.

*Henry Weiss* for Max Budick, doing business as M. & M. Candy Lunch, and another, petitioners.

*Katz & Wolchok* for Triangle Linen Service, Inc., and another, respondents.

HECHT, J. This motion seeks a stay of the arbitration proceedings and vacatur of the notice of arbitration. It appears from the opposing affidavit that the movant subscribed a printed agreement which stated immediately above the movant's signature that the agreement was subject to all the terms and conditions set forth on the reverse side thereof. On the reverse side is a printed agreement to submit any controversy under the agreement or arising out of or in relation thereto or for its breach to arbitration. It follows that the movant must proceed to arbitration.

It appears, however, that the name of the arbitrator before whom the arbitration is to be had is part of the printed arbi-

tration clause and that the name of the same arbitrator appears on " thousands " of similar agreements between respondent and customers other than movant. It also appears without contradiction that the movant at the time he signed the agreement was not aware of the fact that the same arbitrator was named in all the contracts between respondent and its various customers. It is difficult to believe that the arbitrator named in all the respondent's contracts with its various customers could be absolutely and wholly impartial. In the circumstances the movant will not be required to appear before said arbitrator (*Matter of Albert* v. *Spiegelberg*, 146 Misc. 811). If the parties cannot agree upon a new arbitrator, the arbitrator will be named by the court.

Settle order.